# Sea Grove Building and Loan Ass., Appellant, *v.* Stockton.

*Contracts—Statutes of Limitation—Statutes prescribing procedure—Lex loci and lex fori.*

Statutes of limitation form no part of the contract itself; they are simple declarations that if process is used, it must be within a definite period. They do not affect the obligations of the contract, but merely the remedy, by providing that action shall not be brought after the defined period.

Statutes prescribing a particular mode of procedure, on the other hand, so far as applicable, form a part of the contract itself, which is presumed to have been made with reference to them. It is well settled that when a particular mode of procedure is prescribed, all others are denied or excluded.

Hence if a statute of New Jersey, pleaded in defence to an action here upon a contract made in New Jersey, be a statute of limitation and differ from the Pennsylvania statute, it will be disregarded by the Pennsylvania court. If, on the other hand, it be a statute regulating procedure, it will be applied by the Pennsylvania court as a part of the contract of the parties.

*Bond and mortgage—New Jersey law—New Jersey act of March* 23, 1881.

Under the law of New Jersey (act of March 23, 1881) to collect a debt secured by bond and mortgage, a creditor is compelled first to foreclose the mortgage and sell the mortgaged premises, and then, if there be any deficiency, he may sue upon the bond, provided the suit be commenced within six months from date of sale of the mortgaged premises, and if he recover judgment in such suit for the balance of the debt, the judgment creditor may redeem the property, provided his suit for redemption is brought within six months after the entry of the judgment for the balance of the debt.

*Held,* that this act providing a particular mode of procedure for the collection of a mortgage debt is an incident of such contracts affecting the rights of the parties to them, and to be applied in a suit brought in a Pennsylvania court.

Argued Feb. 10, 1892. Appeal, No. 194, July T., 1891, by plaintiff, from C. P. Chester Co., Oct. T., 1890, No. 10, on judgment for defendant, William R. Stockton, non obstante veredicto. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Proceeding upon a bond secured by a mortgage of real estate in New Jersey.

Judgment having been entered upon the bond, was opened by the court, and by agreement of counsel the case was considered as though a sci. fa. had been issued and proper pleas pleaded by defendant.

Defendant's points were as follows :

" (1) The act of assembly of the state of New Jersey approved March 23, 1881, amendatory of the act of March 12, 1880, is a bar to any recovery by the plaintiff in this action, and the verdict must be for the defendant.

" (2) Under all the evidence in the cause the verdict must be for the defendant."

The court directed a verdict for the plaintiff, reserving the above points. Subsequently HEMPHILL, J., entered judgment for defendant, delivering the following opinion:

"The plaintiff's claim in this case is upon a judgment entered in this court for a balance alleged to be due upon a bond that accompanied a mortgage, both of which were executed in the state of New Jersey, and given for the same debt; and the question for our determination is raised by the following point, presented by the defendant on the trial of the cause, and reserved by the court, viz.: That 'the act of assembly of the state of New Jersey, approved March 23, 1881, amendatory of the act of March 12, 1880, is a bar to any recovery by the plaintiff in the action, and the verdict must be for the defendant.'

"The 1st section of said act of March 23, 1881, is as follows: 'That in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if, at the sale of the mortgaged premises, under said foreclosure proceedings, the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered, and execution issue, only for the balance of the debt and costs of suit.'

"The foregoing section amended § 2 of the act of 1880, in manner following: The words, 'it shall be lawful to proceed,' used in the act of 1880, are stricken out, and in their place are inserted the words, 'all proceedings to collect said debt shall be, first, to foreclose,' etc.

"Whether the language quoted from the act of 1880 was merely declaratory of the then existing law, or gave the creditor an option that he did not previously have, we are unable to say, but it is clear that that option has been taken away by the act of 1881, for its language is mandatory—'all proceedings, etc., shall be, first, to foreclose the mortgage,' etc.

"The 2d section of said act of 1881 reads as follows: 'That if, after the foreclosure and sale of any mortgaged premises, the person who is entitled to the debt shall recover a judgment in a suit on said bond for any balance of debt, such recovery

shall open the foreclosure and sale of said premises, and the person against whom the judgment has been recovered may redeem the property, by paying the full amount of money for which the decree was rendered, with interest, to be computed from the date of said decree, and all costs of proceedings on the bond: provided, that a suit for redemption is brought within six months after the entry of such judgment for the balance of the debt.'

" This section amended the 3d section of the act of 1880, by striking out the words, ' the owner of the property at the time of said foreclosure and sale,' and inserting, in lieu thereof, ' the person against whom the judgment has been recovered,' thus securing to the judgment debtor, and depriving the owner of the premises, unless he be also the judgment debtor, the right of redemption.

" From the foregoing it will be seen that, under the law of New Jersey, to collect a debt secured by bond and mortgage, a creditor is compelled, first, to foreclose the mortgage and sell the mortgaged premises, and, then, if there be any deficiency, he may sue upon the bond, provided his suit be commenced within six months from date of sale of the mortgaged premises, and if he recover judgment in such suit, for the balance of the debt, the judgment creditor may redeem the property, provided his suit for redemption is brought within six months after the entry of the judgment for the balance of the debt.

" The facts of the case under consideration are, briefly, as follows : The defendant, on Feb. 19, 1883, gave to the plaintiff a bond and mortgage for $600, secured by lien upon certain real estate owned by him in the state of New Jersey, and at the same time, as collateral security, transferred to the plaintiff his stock in the plaintiff association. On Feb. 9, 1884, the defendant conveyed the mortgaged premises, subject to the mortgage, to Ellwood Parsons, to whom he also, at the same time, transferred, on the books of the plaintiff association, his stock in said association. On Oct. 6, 1885, Ellwood Parsons and wife conveyed the same premises, subject to said mortgage, to Martha McIlvaine, and she, on April 23, 1886, conveyed it to Levi Haas. A bill to foreclose said mortgage was filed Aug. 26, 1887, and final decree made July 22, 1889. On Sept. 14, 1889, the sheriff sold the mortgaged premises under the fore-

closure proceedings, and sold, at the same time, the stock in the plaintiff association, pledged by defendant as collateral security, and the plaintiff purchased both premises and stock. This sale was confirmed on Sept. 25, 1889, and on Jan. 1, 1890, plaintiff sold said premises. On April 14, 1890, the plaintiff entered judgment upon the bond accompanying said mortgage, in the court of common pleas of Chester county, Pennsylvania, and on the same day issued a writ of fieri facias upon the same. On April 21, 1890, on motion of defendant, a rule was granted upon the plaintiff to show cause why the judgment should not be opened, and he let into a defence, which rule was, on July 14, 1890, made absolute. On Aug. 18, 1890, by agreement of counsel, the case was considered at issue with the same effect as though a writ of scire facias had issued, and the proper pleas been pleaded. No proceedings were ever had on the bond in the state of New Jersey.

" These facts raise the question whether, under the above cited acts of assembly of New Jersey, the plaintiff can recover in the suit brought upon said bond in this county ; and the answer to this question must depend upon whether the acts referred to are acts of limitation, or are incidents of the contract and affect the rights of the parties. If the former, the lex fori must govern, if the latter, the lex loci contractus.

" Statutes of limitation, it is well settled, form no part of the contract itself; they affect only the remedy in case of suit. A statute of limitation has been defined to be ' a statute assigning a certain time, after which rights cannot be enforced by action,' and GREEN, J., in Tenant v. Tenant, 110 Pa. 485, has thus described its effect or operation : ' The state simply declares that, if her process is used, it must be done within certain fixed periods of time, and, if not so used, the defendant may, at his option, plead the laches of the plaintiff, and receive the benefit of the prohibition. It is, in substance, a prohibition on the use of process, after a definite period, and this, of course, makes it a matter of remedy only,' for ' the obligation of the contract is not terminated or defeated.'

" Now, the act of 1881 does limit the mortgagee's right of action upon his bond to ' six months from the date of the sale of said mortgaged premises ; ' it also limits the judgment debtor's right to sue for redemption to ' six months after the entry of such judgment for the balance of the debt.'

" Both of these provisions have all the essentials of a statute of limitation, and if the act contained either or both, and nothing more, we could have no hesitation in pronouncing it a statute of limitations, and affecting, consequently, the remedy only.

" We must, however, consider and interpret the act as a whole, and endeavor to ascertain its intent or object, and, in this enlarged view, it is apparent that its object is not merely to limit the time within which either suit upon the bond or for redemption may be brought (they are but incidents), but to prescribe, and in a mandatory manner, how debts secured by bond and mortgage shall be collected ; and it is well settled that, when a particular mode of procedure is prescribed, all others are denied or excluded. It is equally well settled, that all contracts are presumed to have been made with reference to existing laws, which, where applicable, form a part of the contract itself.

" This mortgage contract was, therefore, made under and with reference to the existing laws of New Jersey, which were an incident of the contract and an implied part of the agreement of the parties, and, in compliance with the requirements of these laws, the mortgagee, in case of default, was bound to proceed, first, to foreclose the mortgage, and had he, in violation of his implied agreement, sued first upon his bond, either in New Jersey or Pennsylvania, the statute of 1881 would have been a full and complete defence, and prevented recovery, not because it contained limitations of certain actions, but because it was in violation of the contract, viz : that the mortgagee should proceed, first, to foreclose the mortgage, and if he subsequently proceeded on the bond, to collect any deficiency, that the judgment debtor should have six months, from entry of judgment for such deficiency, within which to bring his suit for redemption, of which he would otherwise be deprived, thus affecting not merely the remedy, but the rights of the parties. The act of 1881 is not an act of limitation, but an act prescribing and regulating the mode of procedure on all mortgage contracts entered in the state of New Jersey. It not only compels the mortgagee to first foreclose the mortgage, and, if he desires to proceed on the bond for any deficiency, to commence his suit within six months from the date of the sale of the mortgaged premises, but it also, in case judgment be recovered on

the bond, opens the foreclosure and sale of the premises, and allows the judgment creditor six months, from the entry of such judgment, within which to bring his suit for redemption.

" While the act does not say the debt is extinguished, unless the mortgagee bring the suit on the bond within the time specified, yet such is clearly the implied and logical conclusion, for, if not extinguished, and suit could be afterwards brought, the foreclosure and sale would not be opened.   The judgment creditor would be deprived of his right of redemption, and the six months' limitation would be without meaning and useless.

" It is furthermore apparent, from the title of the act itself, that it is not one of limitations, for it declares it to be ' An act concerning proceedings on bonds and mortgages given for the same indebtedness, and the foreclosure of the mortgaged premises thereunder.'

" We are, therefore, of the opinion that the act of assembly of New Jersey, of March 28, 1881, was an incident of the contract, affecting not merely the remedy under, but the rights of the parties to the contract, and that, by the failure of the plaintiff to proceed on his bond within six months from the date of the sale of the mortgaged premises, the debt is extinguished, and he cannot recover in this action.   The defendant's points are affirmed, and judgment must be entered for the defendant non obstante veredicto, upon payment of the verdict fee."

Judgment for defendant, non obstante veredicto.   Plaintiff appealed.

*Errors assigned* were (1 and 2) the answers to defendant's points in the opinion filed, quoting the points and the answers thereto at the conclusion of the opinion.

*H. H. Gilkyson*, for appellant.

*R. T. Cornwell, H. P. Waitneight* and *Gibbons Gray Cornwell* with him, for appellee.

PER CURIAM, March 28, 1892:

This case has been so well discussed by the learned judge of the court below, that we affirm the judgment for the reasons given by him.