James W. Cooke and Lydia S. Cooke, Trustee, trading as Cooke & Co., v. J. Edward Addicks, Appellant.

*Lex loci—Lex fori—Promissory note—Irregular indorsement.*

The right to introduce proof dehors the instrument for the purpose of showing what in fact the contract was, is an essential part of the contract itself, and is not a mere incident to the remedy. Such right being secured to a New Jersey contract the lex loci governs and not the lex fori.

An irregular indorsement of a promissory note executed in New Jersey may in a suit on said note in Pennsylvania be shown to be a contract of surety in accordance with lex loci.

Argued Oct. 12, 1897. Appeal, No. 89, Oct. T., 1897, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1895, No. 706, overruling demurrer to statement. Before Rice, P. J., Wickham, Beaver, Reeder, Smith and Porter, JJ. Affirmed.

Assumpsit on a promissory note.

It appeared from the record that plaintiffs sued upon a note made by the Staten Island Terra Cotta Lumber Co. to them, and irregularly indorsed by the defendant, J. E. Addicks, and subsequently indorsed by the plaintiffs.

In the statement it was alleged by the plaintiffs that defendant did, in consideration of forbearance on their part, agree and undertake to become personally liable to them as surety for said note and that in pursuance of this agreement and understanding the note was executed, indorsed by defendant, and delivered to the plaintiffs in the state of New Jersey, where it was

to be payable, and that the application of the law of the state of New Jersey, under the decisions of the courts thereof to the facts as therein stated, made the defendant liable on the note to the plaintiffs as surety.

There was no evidence of any agreement on the part of the defendant by any writing signed by him saving and excepting the note.

Defendant demurred on the ground that the action could not be brought in Pennsylvania, because of the first section of the Act of April 26, 1855, P. L. 308.

Judgment for plaintiffs on demurrer.   Damages assessed at $516.38.   Defendant appealed.

*Error assigned* was overruling defendant's demurrer.

*C. Berkeley Taylor*, for appellant.—This action cannot be sustained under the statute of frauds in Pennsylvania : Act of April 26, 1855, P. L. 308; Schafer v. Bank, 59 Pa. 144.

It is well settled that although the lex loci contractus governs the construction of a contract, the lex fori governs the remedy, both as to the bringing of a suit, and as to the evidence to be produced : Leroux v. Brown, 12 Common Bench, 801.

Although this case has been criticised it has been followed steadily in England :   Williams v. Wheeler, 8 C. B. N. S. 299; Gibson v. Holland, L. R. 1, C. P. 1.   Finally in 1879, in Britain v. Rossiter, 11 L. R. Q. B. D. 124; Downer v. Chesebrough, 36 Conn. 39; Pritchard v. Norton, 106 U. S. 124.

*H. E. Garsed*, for appellees.—The plaintiff submits, therefore, that the promise of the defendant to pay according to the terms of the note was a contract made in New Jersey to be performed in that state, and of course is governed by the law of New Jersey, where the rule established in Pennsylvania, in Schafer v. Bank, 59 Pa. 144, not only is not recognized, but directly the opposite rule is established.

In the leading case of Chaddock v. Vanness, 35 N. J. L. 517, where the facts were identical with those of the case at bar, a rule directly opposite of the Pennsylvania rule was adopted.

So far as the statute of frauds is concerned, it is of no consequence whether the defendant is regarded as an indorser, guarantor or maker.

The doctrine of this case was reasserted in Haydon v. Weldon, 43 N. J. Law, 128, and in Johnson v. Ramsey, 43 N. J. Law, 279, and again in Building, etc., Society v. Leeds, 50 N. J. Law, 399, where the court, by Mr. Chief Justice BEASLEY, said: " Over sixteen years ago this court, in the case of Chaddock v. Vanness, 35 N. J. L. 517, decided that the signature of a third person on the back of a negotiable note, before it was put in circulation by the maker, neither expressed nor implied, by its own intrinsic signification, any contract whatever on the part of such indorsers."

The right of the plaintiff to show the real nature and exact terms of the defendant's contract is not matter of remedy and governed by the law of the forum, but is an essential part of the contract itself, and controlled by the law of the place where the contract was made: Forepaugh v. Railroad Co., 128 Pa. 217; Coup v. Railroad Co., 56 Mich. 111; Tenant v. Tenant, 110 Pa. 478; Sea Grove Building Assn. v. Stockton, 148 Pa. 146.

The precise question at issue in the case at bar was determined in Baxter National Bank v. Talbot, 154 Mass. 213, where the principle upon which reliance is here placed was laid down and the leading case of Forepaugh v. Railroad Co., 128 Pa. 217, was relied upon.

OPINION BY PORTER, J., November 19, 1897 :

This is an appeal from the order of the court below overruling a demurrer to the plaintiff's statement of claim.   The promissory note set forth in the statement was made in New Jersey, by a New Jersey corporation.   It was indorsed by the defendant in New Jersey and was to be paid in that state.   Nothing is lacking to make it a New Jersey contract.   The defendant irregularly indorsed the note by placing his signature above that of the payee.   In respect thereto the plaintiffs aver in their statement that " when the said defendant indorsed the note he did . . . . promise and agree to become and did become surety to the plaintiffs for the payment of the said note, and as evidence of and in pursuance of said agreement, did so indorse the note." By evidence dehors the writing the plaintiffs thus propose to prove that the irregular indorsement was in fact agreed to be a contract of suretyship.   This under the law of New Jersey, is clearly admissible, and, under the law of Pennsylvania, as clearly

inadmissible. The contract was made in New Jersey. It is sought to be enforced in Pennsylvania. If lex loci contractus is applicable, the plaintiffs are entitled to judgment on the demurrer. If lex fori governs, the court below has erred. We are of opinion that the former applies and hold that the right to introduce the proof dehors the instrument for the purpose of showing what in fact the contract was, is an essential part of the contract itself, and is not a mere incident to the remedy. It was a right given by the law of the place of the making of the contract, in contemplation of which the parties must be held to have contracted.

In Forepaugh v. D., L. & W. R. R., 128 Pa. 217, Tenant v. Tenant, 110 Pa. 478, and Sea Grove Association v. Stockton, 148 Pa. 146, the Supreme Court has enforced the obligation of contracts made in other states containing provisions quite as much at variance with the policy of the law of Pennsylvania as those in the present case. These cases, while not directly in point, substantially sustain the view of the law we take in this case. They are fortified by the case of Baxter National Bank v. Talbot, 154 Mass. 213, wherein a similar question was discussed at length and determined,—the case of Forepaugh v. D., L. & W. R. R., supra, and many other authorities, being cited as authority.

We therefore hold that the plaintiffs are entitled to the enforcement of their contract as set forth in their statement of claim, and that the judgment on the demurrer must be sustained.

Judgment affirmed.