## O'Malley, Trustee, et al., Appellant, *v.* Mears, et al.

*Trusts and trustees—Duty to account—Proceeding in Common Pleas—Act of June 14, 1836, P. L. 630—Statutes.*

In a proceeding under Section 19, of the Act of June 14, 1836, P. L. 630, to secure an accounting of the management and disposition of a trust fund, it appeared that defendants' decedent was appointed trustee by the stockholders of a certain corporation, of whom he was one, to collect the purchase money for stock sold on behalf of all of them, to collect certain outstanding accounts of the corporation, to pay indebtedness thereof and remit the balance to the stockholders pro rata. He collected and disbursed a considerable sum of money but filed no account prior to his death. Defendants, executors of his will, paid over to his successor in the trust a sum of money which they alleged was the balance remaining in his hands. An account of his estate was duly filed in the Orphans' Court, no exceptions were filed thereto, neither the successor in the trust nor the other stockholders were represented or appeared, but after the lapse of more than four years from the date of the adjudication, a petition was filed to compel defendants, as executors of the estate of the decedent, to file an account of the management and disposition of the trust fund. The petition did not allege what, if any, share of the fund the decedent was entitled to. It appeared that all the personal estate of the decedent had been distributed, that his real estate had become free and clear of the lien of unrecorded debts, that there was no concealment of any kind, and no explanation or excuse for delay was offered. *Held,* that the petitioners were barred by laches and that the petition should be dismissed.

Argued Feb. 24, 1913. Appeal, No. 90, Jan. T., 1912, by plaintiffs, from decree of C. P. Lackawanna Co., Oct. T., 1910, No. 1180, dismissing petition for citation to account in case of John B. O'Malley, Trustee for Estate of John A. Mears, deceased, Mina Robinson, Wade M. Finn, John Von Bergen, W. P. Boland, Jas. M. Boland and C. G. Boland, and Mina Robinson, C. G. Boland, J. M. Boland, Wade M. Finn and Carolina Von Bergen and John Von Bergen, Executors of Estate of John Von Bergen, deceased, *v.* J. F. Mears and The Lackawanna Trust

and Safe Deposit Company, Executors of the Estate of John A. Mears, deceased. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition to secure an accounting of the management and disposition of a trust fund. Before EDWARDS, P. J.

The opinion of the Supreme Court states the facts. The court made a decree dismissing the petition. Petitioners appealed.

*Error assigned* was the dismissal of the petition.

*E. C. Amerman,* of *Amerman & Maxey,* for appellants, cited on the question of laches: Badger v. Badger, 69 U. S. 87; Ashhurst's App., 60 Pa. 290; Neely's App., 85 Pa. 387; Johnston v. Humphreys, 14 S. & R. 394; Pepper v. Robinson, 32 W. N. C. 200.

*H. C. Reynolds,* for appellees, cited on the question of laches: Mellish's Est., 1 Parson's Select Eq. Cases 482; Weber's Est., 14 Pa. D. R. 126; Rist's Est., 192 Pa. 24; Dundas's Est., 136 Pa. 318; Evans's App., 81 Pa. 278; Neely's App., 85 Pa. 387; Penna. R. R. Co.'s App., 125 Pa. 189; Kinter's App., 62 Pa. 318; Gaw's Est., 12 Phila. 88; Strouse v. Lawrence, 160 Pa. 421.

OPINION BY MR. JUSTICE POTTER, April 21, 1913:

This proceeding was brought under Section 19 of the Act of June 14, 1836, P. L. 630, to secure an accounting for the management and disposition of a trust fund. A petition was filed by John B. O'Malley as trustee, in which were joined several other persons interested in the trust fund. The petition set forth in substance that on April 15, 1901, John A. Mears and seven associates were the owners of the entire issue of the capital stock of the People's Coal Company, and that on that date all the stock was sold to other parties. Part of the purchase money was paid to the stockholders, and a written

agreement was executed under which John A. Mears was appointed trustee to receive for himself and his associates the balance of the purchase money amounting to $100,000, and he was to collect all other accounts outstanding, and from the moneys so to be received by him, all the indebtedness of the coal company existing at the time of the sale, April 5, 1901, was to be discharged, and the balance of the fund was to be distributed pro rata to the stockholders. John A. Mears accepted the appointment, and proceeded to act thereunder. He received the balance of the purchase money amounting to $100,000, and in addition collected other accounts outstanding, amounting to about $20,000.

The petition sets forth that from the funds which he collected the said trustee distributed among stockholders other than himself the sum of $70,932.33, and also paid certain obligations of the company, the number and amount of which were said to be unknown to the petitioners. It was charged that John A. Mears had retained for himself a sum of money in excess of his distributive share. He died on April 24, 1905, and J. F. Mears and the Lackawanna Trust and Safe Deposit Company are the executors of his will. On June 25, 1906, John B. O'Malley, one of the petitioners in this case, was appointed by the Court of Common Pleas of Lackawanna County to succeed John A. Mears as trustee. The executors filed an answer to the petition in which they averred that upon their suggestion J. B. O'Malley was appointed as successor in the trust, and that after his appointment the defendants furnished to him and to some, if not all, of the petitioners in this action, a full and complete copy of all accounts which had come to their knowledge involved in the transaction, and fully setting out the amounts received by the said John A. Mears as trustee, and the amounts paid out by him, and the parties to whom and upon what account. The answer further avers that the balance of money remaining in the hands of John A. Mears, as shown by the account

mentioned, amounting to $1,568, was thereupon paid to the said J. B. O'Malley, trustee, and thereafter the defendants supposed the matter was satisfactorily settled and adjusted. It is further set forth in the answer that the defendants filed in the Orphans' Court of Lackawanna County, their first and final account as executors and trustees of the estate of John A. Mears, deceased, which account was fully confirmed and audited and distribution decreed thereunder; that the said executors and trustees distributed the entire personal estate of the said John A. Mears as directed by the decree of the Orphans' Court, and they have no assets or funds of any kind, character or description in their hands belonging to his estate. They further set forth that neither the substituted trustee nor any of the plaintiffs interested in the trust appeared at the auditing of the account in the Orphans' Court, nor did they file any exceptions thereto, or present any claims against the estate of John A. Mears. The answer avers that it does not appear that John A. Mears received more than his proportionate share of the money to which he was entitled as a stockholder of the People's Coal Company. The defendants therefore prayed that the proceedings be quashed. The case was heard on petition and answer, and the court below directed that the petition be dismissed with costs. The petitioners have appealed, and their counsel have filed seven assignments of error, which raise but a single question, whether the court below erred in dismissing the petition, and in refusing to order the defendants as executors to file an account.

In its opinion the court below shows that as to the real point in the case, the petition is vague and indefinite. Mears was to collect certain moneys for himself and his associates, pay certain indebtedness, and divide the balance in proportion to the interests of the respective stockholders in the company. It is alleged that he collected about $120,000, and it is admitted that he paid certain obligations of the company, and distributed

about $71,000 to the other stockholders, but nothing is said as to the amount that Mears was entitled to retain for himself, although it appears from the petition that he owned 270 shares out of a total of 1,000 shares of the capital stock of the company. As the court says, taking into consideration the undisputed facts, the only foundation for the petition is the vague statement that the number and amount of the obligations of the company, which Mears paid under the agreement, are unknown to the petitioners. The court was also of opinion that under the circumstances, the petitioners were chargeable with laches. The trust was created in April, 1901. John A. Mears died in April, 1905, and O'Malley was appointed trustee in June, 1906. After his appointment the executors furnished to him and others of the petitioners, copies of the accounts of the deceased trustee, in so far as they had knowledge of them, and they paid to the new trustee the sum of $1,568, which was the balance shown by the accounts to have been in the hands of the deceased trustee at the time of his death. If the account was unsatisfactory, then was the time for petitioners to have made it known, and if necessary, to have asked for a citation to compel a formal account. The respondents did not attach to their answer a copy of the account which they rendered to petitioners, as they should have done, but no objection was made to the answer upon that ground. The respondents should also have given the date of the payment of the balance of the fund, instead of merely stating that it was made after the appointment of the new trustee. But it does appear that between the date of the death of John A. Mears, April 24, 1905, and the filing of the present petition, more than five years had elapsed, and between the appointment of the substituted trustee (which was made at the instance of the executors) and the filing of the petition, more than four years had elapsed. Meanwhile the executors filed their final account, which was confirmed and audited, and distribution made under de-

cree of the Orphans' Court. All the personal estate of the testator was distributed, and more than two years having elapsed since his death, his real estate had become free and clear of the lien of his unrecorded debts. There was no concealment of any kind. Everything seems to have been open to examination. The petition contains no explanation or excuse for the delay in applying for an accounting. In 2 Perry on Trusts (6th Ed.), Par. 869, it is said: "Courts of equity will sometimes refuse to grant relief, although the statute of limitations cannot be pleaded in bar, and although presumptions cannot arise from lapse of time, or may be conclusively rebutted. In such cases, courts proceed upon the ground that the public convenience will not allow old and stale claims to be investigated......Mere lapse of time or delay in suing is such laches in the plaintiff, in a certain class of cases, that he is not entitled to relief unless he can explain the delay."

In this case there was, as we have stated, an informal account rendered and if this was not satisfactory, objection should have been made at the time, and proceedings for a formal account instituted without delay. Under the facts shown, we think the court below was right in holding that the petitioners were guilty of laches, and in dismissing the petition for that reason. The trust was created by deed, and was subject to the jurisdiction of the Court of Common Pleas, and under a proper showing the right to an accounting could not be questioned. But the difficulty is, that the petitioners delayed action until the executors of the deceased trustee had filed their final account, and his entire personal estate had been distributed. If petitioners had any claim, its lien upon any real estate owned by the deceased has been lost. If an accounting were to be ordered, it would seem to be useless, in the absence of assets from which anything could be collected. The petitioners did not even take the precaution to appear in the Orphans' Court to ask for a postponement of distri-

bution until their rights could be established in the Court of Common Pleas. Distribution was made without objection from them. In Piper's Estate, 208 Pa. 636, in an opinion adopted by this court, it was said (p. 638): "Creditors who do not choose to come into the Orphans' Court have the right to stay out. They may, if they prefer, sue in another forum; but if they do they lose all claim to the fund distributed, and cannot be heard to complain that the rights which they failed to assert were not protected or provided for: Hammett's App., 83 Pa. 392."

The assignments of error are overruled, and the order of the court below, dismissing the petition, is affirmed.