## Bilyeu's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Raymond M. Remick*, of *Saul, Ewing, Remick & Saul*, for exceptants.

*Augustus F. Daix, Jr.*, and *Augustus F. Daix, 3d*, contra.

VAN DUSEN, J., June 9, 1933.—We granted a review in this case upon the authority of Ford's Estate, 16 D. & C. 531, in order that a claim might be presented upon a bond accompanying a mortgage. In that case the executors knew of the existence of such a bond, because after the death of the obligor they paid interest thereon. They gave no notice of the audit to the obligee, yet in compliance with our rule of court and our customary form of petition for distribution swore that they had given notice to all creditors of whom they had knowledge. We held that this false statement was a fraud upon the court and opened the adjudication. The state of facts in the present case is similar, and we have opened the adjudication. The auditing judge has set aside a fund to meet the claim, and the matter now comes before us on exceptions to that award.

The exceptant presses upon us very earnestly the recent decision of Downing, Exec'r, v. Felheim et al., Exec'rs, 309 Pa. 566, which was decided since Ford's Estate, and was reported since the award of the auditing judge; and he asserts that in effect Ford's Estate has been overruled. The Felheim case was also the case of a bond accompanying a mortgage of which the executors knew and on which they paid interest. They filed their account without making any mention of it and made distribution, which went in part to themselves as individuals. They continued to pay interest as individuals, paid off part of the mortgage, and obtained a release of part of the mortgaged premises. After the lapse of four years, after real estate values had declined, and after the mortgage had been foreclosed with resulting deficiency, the mortgagee asked for a review. This was refused on the ground that the fact of actual distribution and the changed circumstances with respect to the value of the premises made it inequitable to grant a review.

With respect to the failure to give notice to the mortgagee the following appears in the Felheim opinion (p. 569) :

"Appellant had received no actual notice from the executors of the filing of the audit. He was not entitled to this because he gave no written notice to the executors of his claim to have the mortgage debt paid out of the decedent's personal estate. See section 46-c of the Fiduciaries Act of June 7, 1917, P. L. 447. . . .

"The averments in the pleadings make no charge of fraud against the executors. It is alleged only that the accountants represented to the court that all of the debts against the estate had been paid and the balance was ready for distribution, whereas the executors well knew that the principal of the mortgage debt had not been paid. Appellant averred that he put in no claim at the audit because he did not know that an audit was being made. The executors stated that they gave appellant no actual notice because he presented to them no written claim, because the mortgage was not yet due, and because of their

belief that it was not payable out of the personal estate, and since they received no intimation to the contrary, they felt justified in assuming that appellant intended to look only to the land for the payment of his mortgage. It is probable that laymen customarily look upon mortgaged lands not as a mere pledge but as the primary support of an obligation to pay. . . .

"There is nothing in the record which impugns the good faith of the executors in this entire matter." See, also, the language of Judge Penrose in Piper's Estate, 208 Pa. 636, at foot of page 640.

The exceptant furnishes us with a copy of the petition for distribution in the Felheim case in which it appears that the executors represented that there were no creditors' claims of which they had "notice or *knowledge*". This is the form used in the Ford case and is founded on our rule of court. Whether there is a similar rule in Erie County, in which the Felheim case arose, does not appear. The statute, section 46 (c) of the Fiduciaries Act, only requires notice of the audit to those creditors who have given notice to the executors.

We have also been furnished with copies of the paper books in the Felheim case. The petition for distribution was not printed and the point made in the Ford case was not presented to the Supreme Court and is not dealt with in the opinion. Part of that opinion states—as quoted above—that there is no duty to notify creditors except those who give notice to the executors. Another part of the opinion, however, states that the executors represented to the court that all debts were paid and excuses the act of the executors in overlooking the Downing mortgage on the grounds above quoted.

We conclude, on the whole, that in the opinion of the Supreme Court executors are not bound to give notice of the audit to the holder of a bond accompanying a mortgage because, unless they are notified of a claim, they are justified in assuming that the mortgagee and obligee intends to look to the land only. With respect to such creditors' claims as we have been speaking of, therefore, we must regard our conclusion in the Ford case as modified by the Felheim case.

The auditing judge concurs. The case of Downing v. Felheim had not been published at the time of the audit and was not called to his attention.

The exceptions are sustained. We also enter a decree dismissing the petition for review.