## Denny's Estate.

Argued March 26, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Walter E. Glass,* with him *J. Don O'Connor,* for appellant.

*Friedjoff D. Tappert,* with him *Tillman K. Saylor,* for appellee.

OPINION BY MR. JUSTICE LINN, April 23, 1934:

The facts necessary to understand the point on which this appeal turns may be briefly stated, without reciting the long course of the proceedings below, involving several audits, reports of an auditor, and a number of opinions written by Judge REED.

Testator died January, 1925. His will was probated January 17, 1925. Letters testamentary were granted and duly advertised. At that time appellant was a creditor of the decedent, being the assignee of his bond and $10,000 mortgage. She did not give "......written notice to the executor......within six months after the granting of letters testamentary......" (section 49 (b) of the Fiduciaries Act of 1917, P. L. 447, 515) that she would present a claim for payment of the debt, nor did she present such claim at the audit of the first and partial account, filed by the executor and confirmed by the

court in March, 1928. Section 49 (b) provides: "Executors or administrators may make distribution, and pay or deliver legacies, without the audit of their accounts, upon such security as may be satisfactory to them, nevertheless at their own risk, but without liability to any creditors of the decedent who shall not have given written notice to the executor or administrator within six months after the granting of letters testamentary or of administration, provided that such executor or administrator has complied with the provisions of section ten [requiring advertisement] of this act. Where distribution of a decedent's estate is awarded by the orphans' court, after audit and confirmation of any account of the executors or administrators, such decree of distribution shall protect the executors or administrators from personal liability with respect to the property so distributed. . . . . . ."

Until October, 1927, the executor paid the interest on the mortgage. In 1929, appellant foreclosed by scire facias issued more than four years after testator's death and nearly a year after the confirmation of the first account. She purchased the property for a nominal bid at the sheriff's sale. She presented a written claim to the executor on February 23, 1929, at a time, as the auditor found, when the executor had no funds, the cash balance shown in the account having been expended pursuant to the terms of the confirmation of the account. She then attacked the executor's administration of the estate by complaining that in the account filed (which had been confirmed by the court in March, 1928), the executor mingled personal and real estate transactions, and sought opportunity to present a claim for the difference between the amount of the mortgage debt and the nominal sum realized by the sale. The court below held that she presented her claim too late, and of that decision she now complains. The record would indicate that she intended to look to the mortgaged land (appraised for inheritance tax purposes at $2,000 more than her mort-

gage) and not to the personal estate of the decedent for payment. As the court below says "......the exceptant was entirely satisfied with the manner in which the executor was settling the estate so long as she was receiving the interest on the mortgage which she held, and it was only after the estate was unable on account of lack of assets to make further payments on interest that exceptions were taken to the manner in which the executor was settling the estate."

If her omission to give the written notice under section 49 (b), supra, and her failure to present her claim at the audit of the first account, were not intended to indicate deliberate election that she would not claim payment out of the personalty, her conduct at least created a condition, in the circumstances disclosed in the record, which disqualified her from thereafter surcharging the executor. See Lorch's Est., 284 Pa. 500, 131 A. 381; Downing v. Felheim, 309 Pa. 566, 164 A. 598; Estate of J. Morton Ivison, 101 Pa. Superior Ct. 326; Frick's Est., 277 Pa. 242, 249, 121 A. 35, in which the principle was recently considered. If appellant had desired earlier accounting, she might have proceeded under section 49 (a), authorizing the court on the petition of any creditor to order distribution after the expiration of six months from the death of the testator.

Decree affirmed at appellant's costs.