## Timmins' Estate.

476

Argued April 17, 1940.   Before MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*John P. Connelly,* with him *Edward D. McLaughlin* and *Charles C. Babcock,* for appellant.

*A. B. Geary,* of *Geary & Rankin,* with him *Joseph P. Gaffney* and *Joseph P. Gaffney, Jr.,* for appellee.

OPINION BY MR. JUSTICE LINN, May 6, 1940:

This appeal is from the refusal to set aside a final adjudication and allow appellant to present a claim against the decedent's estate.

In 1928 decedent purchased land in New Jersey and gave his bond maturing in 3 years and a purchase money mortgage for $10,000 in part payment. He died in 1929. The mortgagee, who had notice of his death and of the qualification of executors, notified them in October, 1931, that the mortgage had matured and subsequently agreed to an extension of the mortgage until October 25, 1933. On October 15, 1933, the executors' account was filed and on April 2, 1934, it was confirmed. No notice of the audit was given the mortgagee other than that inferable from the usual advertisement. No provision was made for the payment of the obligation. Distribution was made in accord with the adjudication. The mortgagee did not appear at the audit and now complains of want of actual notice.

The petition was filed September 5, 1939, more than five years after final confirmation, and alleges, as ground for setting aside the adjudication, that petitioner "had no notice or knowledge at any time of any of the proceedings instituted in the Orphans' Court. . . ."

Section 48 of the Fiduciaries Act of 1917, P. L. 447, 20 PS section 843, allows 5 years after final confirmation for a petition for review unless fraud is shown: see *Elkins's Estate*, 325 Pa. 373, 376, 190 A. 650. No fraud appears here; the petition was therefore too late.

Petitioner's contention is that the executors violated section 46 of the Fiduciaries Act of 1917, P. L. 447, 20 PS section 833, which provides that where a creditor has given written notice of his claim the executors must give the claimant actual notice of the filing of the account. At the time of the audit, the mortgage was in default and foreclosure[1] had not taken place; until foreclosure it could not be determined whether the land would repay the loan or whether there would be a deficiency judgment payable by the obligor who executed the bond. The record shows that by the applicable law of New Jersey, a mortgagee may not collect on the bond until after foreclosure and then only the deficiency: N. J. S. A. 2: 65-2.[2] The executors may have assumed that the mortgagee was content to rely on the mortgaged land for the payment of the debt: compare *Denny's Estate*, 314 Pa. 566, 172 A. 119; *Bilyeu's Estate*, 18 D. & C. 662. No written notice that a claim on the bond would be presented, as is required by sec-

---

[1] No foreclosure had been begun at the time the petition was filed.

[2] The law of New Jersey on the subject is applied in this state: see *Sea Grove B. & L. Assn. v. Stockton*, 148 Pa. 146, 23 A. 1063. If the amount of mortgage on a decedent's property is contested, a claim on the bond may be proved before foreclosure to establish the amount of the obligation. The New Jersey statutes are considered in *Rogovin v. Kridel*, 116 N. J. L. 97, 182 A. 828 (1936), and 120 N. J. Eq. 337, 184 A. 822 (1936).

tion 46 of the Fiduciaries Act, was given to the executors. Failure to give such notice, in the circumstances shown in the record, is a bar: *Walbridge's Estate,* 314 Pa. 250, 171 A. 580; *Denny's Estate,* 314 Pa. 566, 172 A. 119; *Downing v. Felheim,* 309 Pa. 566, 164 A. 598.

Appellee refers to *Shugars's Estate,* 312 Pa. 472, 167 A. 567, but there the decisive element was the fact that timely written notice under section 46 of the Fiduciaries Act, had been given by petitioner's pleadings in the suit against the executors which was the basis of the claim in the orphans' court.

The subject is adequately treated in the opinion filed by the learned president judge of the court below.

Decree affirmed at appellant's costs.