Fenimore et al. *v.* Concrete Building and Loan Association, Appellant.

Argued October 10, 1941.

Before CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*D. P. Hibberd,* with him *Vaughn & Gaul,* for appellant.

*George W. Harkins, Jr.,* for appellee.

OPINION BY BALDRIGE, J., December 18, 1941:

The plaintiffs, as assignees, brought an action of assumpsit to recover the amount alleged to be due on matured stock issued by the defendant building and loan association. After the pleadings were filed the plaintiffs moved for judgment for want of sufficient affidavit of defense. The court granted a rule, which, after argument was made absolute. Judgment was entered and damages assessed in the sum of $1,259.68.

The following facts are in substance averred in plaintiffs' statement of claim. Walter H. Fenimore died testate July 9, 1931. In his will he bequeathed the residue of his estate to his wife, Catharine A. Fenimore, and his two sisters, Ida Fenimore, and Ella Fenimore. Among the assets of the estate were ten shares of the seventeenth series of the capital stock of the defendant building and loan association, which were pledged for loans made by the association to the decedent. In due course of time the ten shares of stock matured and the loans were paid. In March 1934, there was a balance of $978 due the estate. On September 16, 1935, the association paid on the matured stock in the seventeenth series ten per cent, or $98, leaving a balance due of $880.

The executors of Walter H. Fenimore filed their account, which was audited and an adjudication was filed in 1932. The defendant association failed to present a claim at the audit. Pursuant to the decree of distribution the executors assigned Fenimore's paid up shares to the residuary legatees.

Catharine A. Fenimore, the widow, died May 22, 1937, first having made her last will. In the adjudication of her estate her one-third interest in the ten shares of the building and loan stock was awarded equally to Gustav Kielmayer, Elizabeth Colton, Elizabeth Miller, and Nicholas Kielmayer.

The defendant, in its affidavit of defense, denied all liability and in its counter-claim and set-off averred that the decedent's estate was indebted to it under an agreement to indemnify the company from all loss, damages, etc., sustained by reason of a mortgage loan it made to Charles Allen. The appellant, in its paper book challenged the jurisdiction of the orphans' court to distribute the ten shares of stock, alleging that it was in possession and control thereof. That position, however, was abandoned at the argument of this appeal. There was left for our consideration the contention that the court erred in holding that the affidavit of defense was

insufficient and that the counter-claim did not set forth a valid cause of action.

Section 49 [d] of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §864, provides as follows: "No creditor of a decedent who shall neglect or refuse to present his claim at the audit of the account of the executor or administrator, ...... shall be entitled to receive any share of the assets distributed in pursuance of such audit, ......".

It is true that at the time of the audit the liability of the estate had not matured as the association had not exhausted available remedies against the original debtor: *League Island Community Building and Loan Association v. Doyle,* 323 Pa. 287, 290, 291, 185 A. 636. Notwithstanding that fact, there was an alleged contingent liability; it was the duty, therefore, of the defendant association as a creditor to present its claim, whatever its status was, to the executors or to the court at the time of the audit or be debarred from participating in the proceeds of the estate, as provided in section 49 [d] supra.

In *Piper's Estate,* 208 Pa. 636, 57 A. 1118, the Supreme Court in a per curiam affirmed the decision of Judge PENROSE. Piper had executed a bond and mortgage and died some years thereafter. The executor's account was audited and a distribution awarded. The holder of the bond and mortgage did not present a claim at the audit. Four years later he filed a petition for the purpose of having the amount paid to the legatees applied to a deficiency resulting from the sale of the mortgaged property. In dismissing the petition Judge PENROSE held that the distribution by the orphans' court was binding upon everyone, and especially "those who are actually parties, or, but for their own act or laches, might have been. —— Creditors who do not choose to come into the orphans' court have the right to stay out. They may, if they prefer, sue in another forum; but if they do they lose all claim to the fund distributed, and

cannot be heard to complain that the rights which they failed to assert were not protected or provided for: *Hammett's Appeal*, 83 Pa. 392."

This same principle is recognized and upheld in *Downing v. Felheim et al.*, 309 Pa. 566, 164 A. 598; and *Timmins' Estate*, 338 Pa. 475, 13 A. 2d 7.

In *Walbridge's Estate*, 314 Pa. 250, 171 A. 580, the petitioners, four creditors, failed to give written notice of their claims as required by the Fiduciaries Act. They filed petitions to open the adjudication after it had been confirmed, alleging that no distribution had actually taken place. In two claims the amounts were fixed and in two they were contingent upon matters which were pending in bankruptcy court. Judge STEARNE of the orphans' court refused to open any of them and his opinion was affirmed per curiam on appeal.

*Aarons v. Public Service Building & Loan Association et al.*, 318 Pa. 113, 178 A. 141, the principal case relied upon by the appellant as controlling, has no effect upon the case at hand. There the question was whether a bank had a right, when served with a writ of attachment execution, to set off against a deposit account an indebtedness due by him to it. The court held that it did. It is quite apparent the question involved was not similar to that we have before us in this appeal.

The stock in question having been awarded by the orphans' court to the residuary legatees, these plaintiffs are the absolute owners thereof. The defense raised by the appellant is unavailing. We are in entire accord with the disposition made of this case by the learned court below.

Judgment is affirmed.