Kline's Estate

Before Van Dusen, P. J., Stearne, Klein, Bolger, and Ladner, JJ.

*John Harper,* for accountant.

*I. Jerome Stern* and *John J. K. Caskie,* assistant city solicitors, and *Ernest Lowengrund,* acting city solicitor, for City of Philadelphia.

LADNER, J., December 4, 1942.—This matter came before the court upon petitioner's preliminary objections to the answers filed by the executor and distributee. From these pleadings the following facts appear. Decedent died testate April 18, 1938. Harry M. Eberhard was appointed her executor, and John Harper, Esq., who had been decedent's attorney in her lifetime, appeared for the executor at the audit of his account on June 5, 1939. The auditing judge (Bolger, J.) by his adjudication (confirmed absolutely July 5, 1939), awarded the balance after payment of legacies to decedent's niece, the residuary legatee.

Two years before her death, decedent had been summoned by sci. fa. as an additional defendant issued at the instance of the City of Philadelphia in a trespass action brought by John Moscon et ux. against the City of Philadelphia, C. P. 1, December term, 1934, no. 6146. An appearance and affidavit of defense was subsequently filed on her behalf on July 2, 1936.

On April 30, 1941, nearly two years after executor's account had been confirmed absolutely, the city filed its suggestion of decedent's death, and substituted her executor as additional defendant. The executor's answer avers that this was the first notice given by the city to him that it intended to press any claim against his decedent's estate. This suit was tried May 7, 1941, and resulted in a verdict in favor of plaintiff which was later set aside and judgment entered n. o. v. in favor

of both defendants. On appeal (see Moscon et ux. v. Philadelphia et al., 147 Pa. Superior Ct. 251), the judgment was reversed as to the city but quashed as to the additional defendant because the sci. fa. issued against Mary Kline was more than two years after the accident. Afterwards, on May 28, 1942, the lower court moulded the verdict by entering judgment in favor of the city against the Kline estate in the amount of the verdict.

Decedent's personal property having been distributed, and the city not having requested at the audit the reservation of a sum to cover its contingent claim (see Rieker's Estate, no. 319 of 1942), its judgment would be unavailing against funds distributed because of the bar imposed by section 49 (d) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §864. To meet this situation, the city filed its petition to reopen and set aside the confirmation of the account in order that it might present its claim. The basis for this request is that the executor failed to give the city actual notice of either the filing of the account or the audit. If the city was entitled to have received such notice, the adjudication and confirmation of the account as to it would be void: Shugars' Estate, 312 Pa. 472; and the petition should be granted. Respondents in their answers object to a review: First, because the city was not entitled to actual notice because it never notified the executors of its claim prior to the audit; second, that the record of the proceedings before the auditing judge shows that the city was in fact represented at the audit by the city solicitor whose assistant entered a written appearance for him, presented a tax claim, but made no request to have any sum withheld to protect the city's possible claim in the Moscon suit.

It must be conceded that the city would not be entitled to notice of the audit if it failed to comply with the duty imposed on creditors by section 46 (c) of the Fiduciaries Act of 1917 and by our rule of court 2 (G). These by their express terms require accountants to

give actual notice only to such parties "claiming to be interested in the estate as creditor, legatee, next of kin or otherwise", who have given "written notice" to the accountant. It is not disputed that the grant of the letters was duly advertised as was the filing of the account, and that such statutory constructive notice is all that parties in interest (including creditors) are entitled to unless they have brought themselves within the section 46(c) and rule 2(G) above quoted; see Lorch's Estate, 284 Pa. 500. A creditor who has failed to comply with the said rule or the statutory provision is not entitled to a review because of failure to receive actual notice: Timmins' Estate, 338 Pa. 475; Walbridge's Estate, 314 Pa. 250; Denny's Estate, 314 Pa. 566; Downing v. Felheim et al., 309 Pa. 566; Fenimore et al. v. Concrete B. & L. Assn., 148 Pa. Superior Ct. 573; Bilyeu's Estate, 18 D. & C. 662; though, of course, where a suit has been brought against decedent's personal representative *before* the account is filed, this is the quivalent of a written notice: Shugars' Estate, supra. That case is not controlling because here the suit was brought against decedent in her lifetime and no move to substitute the personal representative by suggestion of death was made until nearly two years after the estate was distributed.

The learned assistant city solicitor who argued the case urges that, because the attorney who appeared for decedent in the sci. fa. proceedings in her lifetime later became the attorney of her executor, the executor must be charged with a knowledge of decedent's claim, and thus under duty to have given actual notice to the city of the filing of the account. We cannot impute such knowledge in the face of the flat averment in the executor's answer (which must be taken as true) that he did not know of the city's claim until he received the suggestion substituting him for decedent, nearly two years after the adjudication of his account was confirmed absolutely.

But even if such knowledge could be imputed we are not prepared to say that such knowledge must be regarded as the equivalent of the written notice expressly required by the Fiduciaries Act of 1917, sec. 46(c), and of Rule of Court 2(G). We think not. Our earlier rule of court which required counsel to certify in his petition for distribution that actual notice was given to all parties of whom the executor or administrator had notice or *knowledge*, and which led to our decision in Ford's Estate, 16 D. & C. 531, where a review was granted, has been amended by striking out the words "or knowledge" (see rules of this court 2(M) II(d)). The amendment thus made brings our rule into strict conformity with section 46(c) of the Fiduciaries Act, and our decision in Ford's Estate, supra, can no longer be regarded as applicable. See on this point Bilyeu's Estate, supra.

We, therefore, now rule that mere knowledge on the part of the personal representative of the existence of a possible claim against an estate does not impose on such personal representative the duty of giving actual notice of the filing of his account to a possible claimant who fails to give the written notice required by the Fiduciaries Act and our rule of court. We feel such construction is in strict accordance with the purpose of the statutory requirement and is not unreasonable in view of our experience that creditors frequently elect not to press their claims against a decedent's estate for various reasons. Particularly is this true of contingent claims or claims secured by collateral. When, as also frequently happens, circumstances afterwards arising show their judgment to be mistaken, they ought not be permitted to burden this court with reviews to enable them to have a second chance, especially where distribution has taken place. We feel that this position accords with the reasoning of the appellate decisions hereinbefore cited and seems to be the rule prevailing in the orphans' courts of other counties: cf. Green-

wood's Estate, 50 Montg. 87; Cass' Estate, 22 Erie 276; Reinboldt's Estate, 27 Northamp. 89; De Haven's Estate, 37 D. & C. 665 (Lancaster County).

We find merit also in the second objection urged by counsel for the executor. It appears from the record that the city appeared by its city solicitor and his assistant presented a claim for real estate taxes, which was allowed. The Philadelphia City Charter Act of June 25, 1919, P. L. 581, art. XIII, sec. 3(a), 53 PS §3193, gives the city solicitor full authority to act for the city and all its departments and offices. Having appeared at the audit he must be charged with knowledge of what transpired there as well as what was set forth in the adjudication subsequently handed down. This contains the following pertinent reference to the very suit in question viz:

"It appears by the petition for distribution that the decedent was defendant in an action of trespass for damages brought by Moscon v. City of Philadelphia and Mary B. Kline, C. P. 1, Dec. T. 1934, no. 6146. Notice of the audit had been given to the attorneys representing the plaintiff, but no application was made before me for the withholding of any amount to await the outcome of the proceedings."

Surely this was sufficient to have put the city's legal representative on inquiry.

We are not impressed with the excuse offered at the argument that the particular assistant city solicitor appeared only to present the tax claim due the city, and was concerned only with that branch of the city solicitor's office. The appearance entered was that of the city solicitor himself signed in his name by his assistant. We have rejected this excuse when offered by private corporations such as trust companies whenever they sought to escape the effect of knowledge by one of their departments on another. Thus the learned Judge Gest on this point in Borell's Estate, 25 Dist. R. 430, used the following picturesque language:

"Nor does it alter the case to distinguish between the banking department and the trust department of the accounting executor. The departments of a trust company are merely separated for the convenience of its administration, they are all one corporation and form one legal entity. We have apostolic authority for saying that the body is not one member but many: 'If the foot shall say because I am not the hand, I am not of the body, is it therefore not of the body? . . . But now are they many members, yet but one body.' "

What was there said of a private corporation applies with equal force to a public one.

The complete record of the Moscon case was certainly in the city solicitor's office, and we know that the city solicitor's office receives the audit lists of our court every month. Surely there must be some rule or routine which imposes on someone in that office a duty to check against the audit lists the names of persons against whom the city may have pending suits or claims, contingent, absolute, tax or otherwise. If there is someone obviously neglected his duty. If there is not, then there is neglect in failing to establish so simple a practice. In either case little equity is left to the city's plea.

And now, for the reasons hereinbefore set forth, the preliminary objections are dismissed and, the matter having been submitted to us on the whole record to determine as a matter of law, the petition for review is dismissed.

(Sinkler, J., did not sit.)