## Keating *versus* Condon.

68      75
26 SC ³651

1. After the death of a lessee for years, the lease is the property of the administrator, whensoever appointed, for the benefit of the estate.

2. No act of an administratrix, although his widow, could lawfully change the right of the estate to the lease; she could not surrender it and take another lease in her own name.

3. The widow of the lessee was dispossessed under the Act of December 14th 1863, before the expiration of the lease, on the allegation, which she denied, that she had surrendered it and taken a new one which had expired. *Held*, in an appeal from the judgment of the justice, that the lease was evidence that the term had not expired and that she had not taken a new lease.

4. The premises were a tavern; the license was evidence on the question of damages.

5. Her letters of administration were evidence as showing the character in which she was entitled to recover.

6. The administration related to the death of her husband, and rendered her liable to account as administratrix for any disposition made of the lease with or without her consent.

March 2d 1871. Before THOMPSON, C. J., AGNEW, SHARS-WOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia:* No. 376, to January Term 1870.

This was a proceeding under the Landlord and Tenant Act of December 14th 1863, commenced June 24th 1868, before an alderman, by Martin Keating against Joanna Condon, for possession of a tavern in Buttonwood street, Philadelphia. The alderman gave judgment against the tenant; she appealed July 14th 1868, to the Common Pleas, and was subsequently removed from the premises by a writ of possession issued by the alderman at the suit of Keating, the landlord.

The premises originally belonged to P. Daily, who on the 7th of November 1866, by writing leased them to Thomas Condon for five years from the 22d of June preceding. Daily afterwards sold the property to Keating, the plaintiff.

Condon died in January 1867, leaving the defendant his widow in possession. Letters of administration of his estate were granted to her December 2d 1868.

[Keating *v.* Condon.]

On the trial, October 22d 1869, before Peirce, J., the plaintiff called Patrick McGowan, who testified that he was agent of the plaintiff, and went to defendant's house in February 23d 1867, to collect rent; she told him she had a lease which would run out June 22d 1867; witness further testified that the date (of the lease) was changed February 23d 1867; she said her husband was dead, and she wanted the receipt in her own name, and would not pay unless it was given in her own name; he receipted in her own name, and made a new contract with her for one year from June 22d 1867.

Another witness testified that he was present when the plaintiff bought from Daily, who then said that Condon had a lease but for one year; that Daily said after he got the purchase-money from plaintiff, that he had got $100 from Condon for a lease for five years.

Plaintiff also gave evidence that on March 11th 1868 he had given notice to defendant to quit; it was stated in the notice that her term would end June 22d 1868.

Defendant offered in evidence the lease from Daily to her husband; also the letters of administration: also her tavern license, and what she had paid for it. These offers were objected to by the plaintiff, admitted by the court, and several bills of exception sealed.

She also gave evidence to show the amount of damage; and in contradiction of McGowan's testimony.

The court charged :—

"This is a landlord and tenant case to recover possession of premises at the end of the tenant's term, in which case the defendant has the right of appeal, but the appeal does not act as a supersedeas; and if the tenant be dispossessed, and you should find that the tenancy had not terminated, then the defendant would be entitled to damages for the removal.

"It appears that a lease was made November 7th 1866, to Thomas Condon, the defendant's husband, in his lifetime, for five years, who died leaving her in possession; then it is alleged by plaintiff that the premises were leased to her. McGowan says, that on the 23d February 1867, she agreed to take the premises in her own name, when he made a parol agreement with her, to expire June 22d 1867.

"If there was an outstanding five years' lease, it matters not whether the plaintiff knew it or not. Daily, the former owner, had parted with his possession for that time before he sold to the plaintiff, and he had no right of possession; the law cast the leasehold estate, as a part of the decedent's personal estate, on the administratrix, and the defendant had no authority to surrender the lease, so far as the estate of the decedent is concerned, at the time it is alleged that she surrendered it, as it appeared in evi-

dence that no administration was granted unto her until more than one year afterward.

" If you should find for the defendant, it would then be your duty to assess the damages which the plaintiff suffered by having been unlawfully put out—that every paying business is supposed to have a certain value, known as good-will, and the jury should take that into consideration in making up their damages.

" That the measure of damages was the outlay for license, also expenses incurred by defendant in consequence of the removal, if she was removed unlawfully, and good-will, if any, of the place."

The verdict was for the defendant for $400 and possession.

The plaintiff took a writ of error, and assigned for error the admission of the offers of evidence, and, in several specifications, the charge of the court.

*E. E. Pettit* (with whom was *L. R. Fletcher*), for plaintiff in error.

*L. Hirst,* for defendant in error.

The opinion of the court was delivered, May 8th 1871, by

THOMPSON, C. J.—No act of the defendant in this case could lawfully change the right of Thomas Condon's estate to the lease granted him by Daily. By the death of Condon, it became the property of his administrator for the benefit of the estate, when-soever appointed; and the court was right in saying the widow was not authorized to surrender it and take another in her own name for a few months only. Indeed the fact of doing so was disputed and left to the jury, as we understand it. We see no error in this instruction. Nor in any other portion of the charge. Nor in admitting in evidence the lease to Condon. It is said, but upon what authority we do not know, that it was not given in evidence before the magistrate. This allegation is as positively denied by the other side. We have no means of deciding who is right. That, however, is not material, for it was properly evidence on the appeal, to show that it was not out when the defendant was dispossessed, and also to show a state of fact contrary to McGowan's statement under oath, that defendant took a new lease by parol for four months as agent, when she had a lease of the same property which had then four years and five months to run. The license was also properly admitted in evidence. As she claimed she was wrongfully deprived of its benefits by an unjust deprivation of possession, she was entitled to its cost, if this were so. Nor was there a semblance of error in allowing the letters of administration to be given in evidence. They showed the character in which she defended, and was entitled to recover if at all;

[Keating *v.* Condon.]

'and it related back, so far as property was concerned, to the death of her husband, and rendered her answerable to account as administratrix for any disposition which had been made of it, with or without her consent.

We see nothing in any portion of the charge which we think requires correction, and

The judgment is affirmed.