## Wartanian's Estate.

Submitted October 5, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*George E. Wolfe,* for appellant.—A landlord is entitled to receive rent for the balance of a two-year term after the death of the lessee, although lessee had exceptional ability as a dance hall conductor.

The contract between Panagotacos and Wartanian was not of a continuing character. It was a contract for the hiring of a certain room for a definite period of two years at a certain rental. The performance of the contract by decedent himself was not of the essence thereof. The executor of decedent's estate could have used the dance hall or sublet it, but he did not attempt to do either during the last eleven months of the term of the lease, nor did he ask for a cancellation of the lease, though he did attempt to run defendant's dance pavilion: Walker's Est., 6 Pa. C. C. 515; Woolworth v. Astrich, 50 Pa. C. C. 363; Calhoun's Est., 20 Phila. 46; Keating v. Condon, 68 Pa. 75; Hunt's App., 105 Pa. 128; Quain's App., 22 Pa. 510; Fortunato v. Limestone Co., 278 Pa. 499.

*Percy Allen Rose,* for appellee.—The rule regulating the survival of contracts as to executors or administrators of decedents is conclusively established by the following Supreme Court cases: Blakely v. Sousa, 197 Pa. 305; Sorber v. Masters, 264 Pa. 582; Young v. Gongaware, 275 Pa. 285; Book's Est., 297 Pa. 543.

The orphans' court found as a fact and concluded as a matter of law from the testimony presented by the appellant himself that this contract was induced by the qualities possessed by decedent. This finding and this conclusion are not to be reversed in the absence of clear error and such error is not apparent: Wagner's Est., 289 Pa. 361, 367; McCullough's Est., 287 Pa. 580.

OPINION BY MR. JUSTICE WALLING, November 23, 1931:

Zack Wartanian, the deceased, died October 10, 1927, the tenant or lessee of a certain ballroom or dance hall

in Johnstown, of which George Panagotacos was the landlord. On the basis that the tenancy was for two years from August, 1926, under an oral lease, the landlord presented a claim for the rent including that from the death of the tenant until the end of the term. The orphans' court rejected the latter on the ground that the death of the tenant, under the circumstances, ended the tenancy. From the decree so holding, the landlord brought this appeal.

We are all of the opinion that error was thereby committed. As a general rule a tenancy for a definite time is not ended by the death of either the landlord or the tenant. See Fortunato v. Shenango Limestone Co., 278 Pa. 499; 18 Am. & Eng. Enc. of Law, (2d ed.), page 202; 24 Cyc. 1177, 1340; 35 C. J. 1053. This rule is not controverted, but the orphans' court holds that inasmuch as the tenant was experienced and of exceptional ability in the conduct of dance halls it must have been in the minds of the parties that the tenancy should end with his death. We are unable to accept this conclusion. Of course, where the contract is of a strictly personal nature so that the parties must have contemplated its performance by the promisor, as in case of the painting of a picture, the writing of a book, or instructing an apprentice (Walker's Est., 6 Pa. C. C. 515, 517), the contract will not survive his death. The same is true of a contract to perform personal services which does not survive the death of the promisor. See Blakley v. Sousa (No. 1), 197 Pa. 305, also Sorber v. Masters et al., 264 Pa. 582; Books's Est., 297 Pa. 543. So also it has been held that the destruction of the subject of the contract without the fault of the parties thereto will end their liability. As in the case of the destruction of the timber from which lumber is to be supplied (Dixon v. Breon, 22 Pa. Superior Ct. 340), or the abandonment of a canal necessary to the performance of the contract: Wertz v. Klinger, 25 Pa. Superior Ct. 523. This rule of relief from liability does not apply to the destruc-

tion of the buildings on the demised premises. It would apply to a tenancy, however, where the rent was payable by the personal services of the tenant; but here it was payable in cash and the landlord had no share in the income derived from the operation of the dance hall. This rule also is inapplicable to the case of a tenant merely because he is experienced in the business for which the premises were rented. There is no suggestion that Wartanian was the only man in Johnstown who could successfully conduct a dance hall. Undoubtedly every important business requires experience and a dance hall no more so than a hotel, an apartment house, a store, a theater, a moving picture house, a farm, a factory, or any other important enterprise. If the tenant's death ends the lease in the former case, so it would in any one of the latter. A tenant can, but did not in this case, provide that the lease should end in the event of his death.

It is a mere inference that the lease was made because of the tenant's special experience and exceptional ability, although it appears the landlord had knowledge thereof. There is no proof that the landlord relied thereon in making the lease. Wartanian had an estate of $50,000. A man of such means could doubtless rent a dance hall regardless of ability in the business.

A leasehold survives as an asset of the tenant's estate. See Fortunato v. Shenango Limestone Co., supra; Keating v. Condon, 68 Pa. 75; Wiley's App., 8 W. & S. 244; Coppel's Est., 4 Phila. 378; Davis's Est., 17 Pa. Dist. R. 570; 24 Cyc. 1379; 16 R. C. L., page 899, section 404. The case of Estate of Isaac Jaquette, 1 Chester Co. R. 197, holding that a farm lease ends with the death of the tenant, has not been followed (see Woolworth Co. v. Astrich's Est., 50 Pa. C. C. 363), and in our opinion is not sound. Other cases cited for appellee are not parallel to the instant case.

The decree of the orphans' court is reversed and the record is remitted for further proceedings in accordance with this opinion. Costs to be paid by the estate.