## Wacker's Estate

*Howard Kirk*, for accountant.
*James Patterson*, for exceptant.

McDONOUGH, P. J., November 21, 1939.—Two of the three distributees in the adjudication made by the court on the account of the administratrix of this decedent filed exceptions to the court's award. . . .

Exceptions were filed on behalf of the City of Philadelphia, trustee of the Stephen Girard Estate, dealing prin-

cipally with the status of the claim of the Girard Estate for a preference in distribution. Complaint is made that the court failed to find certain facts which appear in exceptions 1 and 2 as filed. The court now finds those facts as follows:

Decedent was a lessee under a lease bearing date August 18, 1936, for the term of one year commencing on September 1, 1936, and expiring on August 31, 1937. This lease automatically extended itself for an additional term of one year unless either party gave to the other written notice three months prior to the end of said term of intention to terminate the same. Decedent died on March 3, 1938. The lease by its terms provided that it should be binding upon the heirs, executors, administrators, successors or assigns of the respective parties. It is a further fact that no notice was given by either of the parties to the other at any period three months prior to August 31, 1937. . . .

The third, fourth, seventh, and eighth exceptions raise a single question and that is whether or not the rent which accrued after the death of decedent and prior to August 31, 1937 (for which term the lease was written), was, or was not, a preferred claim.

It appears that the rent was paid for all the period up to and including March 1, 1938, the last payment having been made on April 1, 1938. Under the lease in question, a month's rent was payable on March 1, 1938. Decedent died March 3, 1938. It thus appears that, during the lifetime of decedent, there accrued and was due a month's rent in advance. This payment, however, was made by the administratrix on April 1, 1938. It thus appears that, regardless of the period for which the lease technically began or ended, all the rent that was due on the first of each and every month during the lifetime of decedent was paid.

The claim of the Girard Estate for the balance of the term, to wit, from March 31, 1938, until August 31, 1938, was allowed as a general creditor. It is complained that

this allowance should have been as a preferred creditor. The right to preference in distribution of a decedent's estate rests upon a statute.

With respect to the status of rent as a preferred claim, section 13 ($a$) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §501, provides that the order of payment of debts of a decedent is: (1) Funeral expenses, medicine furnished, and medical attendance furnished during last illness of decedent; (2) servants' wages not exceeding one year; (3) rent not exceeding one year.

Does this "not exceeding one year" mean a year before decedent's death or a year after decedent's death, or partly before decedent's death and partly after decedent's death? That is the question raised by the exceptions and the argument thereon filed in behalf of the Girard Estate.

The language of the Act of 1917 is in substantially the language of the Act of April 19, 1794, 3 Sm. L. 143, sec. 14, and the Act of February 24, 1834, P. L. 73, sec. 21 thereof. Since there is no change in the language which produces a preference, the construction of the court prior thereto ought to be persuasive. The neat question was raised in Rainow's Estate, 4 Kulp 153, Kemp's Estate, 17 Pitts. 82, Dawson's Estate, 18 Pitts. 63, and Walker's Estate, 6 Pa. C. C. 515.

It is urged upon the court that by analogy as applied to other features of preference under this code, this construction should be changed. The court's attention is called to Dawson's Estate, supra.

There was a claim, inter alia, for one year's rent preferred in the distribution of an insolvent decedent's estate. The facts were: "3. Mrs. I. Bailey leased to decedent in his life time, 22 acres of land upon which there was a house and stable, for $75 per year. He used the land for pasture, did not live in the house and had no property on the premises when he died.". It was objected to the landlord's claim for preference that, as decedent did not occupy the house and had no property on the premises at his decease, the rent was not preferred; the argu-

ment advanced being that the preference is given in lieu of, or in addition to, the right of distress and that, therefore, it is only given upon the distribution of a fund realized from such property as would be liable to distress for the rent.

There would be force to this if the court were distributing a fund realized from execution of the sale of standing crops or even of hay. The preferred claim here is predicated upon a statute with respect to the order of payment of decedent's debts. It provides, as does the present currently effective Act of 1917, that the debts of a decedent shall be paid in the following order: (1) Funeral expenses, &c.; (2) rents not exceeding one year.

There is no limitation or condition expressed or implied in this act, but the preference is given generally to all debts due for rents. That case does not disclose whether the preference was claimed for a period which had accrued prior to the death of decedent. It is certain that, if it accrued for a period after decedent's death and because his legal representatives used the land for pasturage, even during the period of administration, it would be one of the costs of administration and therefore preferred. That case sheds very little light on the next question. Dawson's Estate was adjudicated August 6, 1887.

Schad's Estate, 59 Pitts. 43, was determined September 13, 1910. In that case there was a lease by decedent. After decedent's death, his legal representatives continued to collect the rents accruing from most of the premises under the original lease from subtenants, declining to account to the landlord for the rents so received. At page 43, the court says:

"During the entire period of administration from the date of decedent's death until about January, 1910, the accountant collected the rents from the McKnight leasehold estate with other rents, but did not pay the rental therein mentioned to the landlord during that period, nor did it pay any of the arrears of rent or taxes on this particular leasehold, but applied the proceeds of the rents

collected towards other, and it is alleged more pressing obligations of the decedent's estate for the purpose of preserving the same, the McKnight leasehold being considered of less value to the estate."

It does not appear that the legislation which gives preference to rent not exceeding one year played any part in this decision at all. Instead, the accountant undertook to sell the McKnight interest in this property, appending to the condition of sale that the purchaser should assume the payment of the back rent and taxes. Of this the purchaser had no notice and, of course, was not bound. It appeared in that case, based upon Becker v. Walworth, 45 Ohio 169, that the rents received by an accountant "being treated not so much as assets as profits of the land, the law specifically appropriates them to the benefit of the landlord to an amount equal to the rents reserved in the lease." It is further ruled in Schad's Estate, supra, that:

"An executor or administrator who enters and holds possession of his deceased lessee's estate is personally liable to the landlord for the rent reserved, unless as here, he accounts for the rents, and they are included in the balance for distribution, in which case as profits, they are in law 'deemed to be appropriated to the lessor,' Inches vs. Dickinson, 84 Mass. 72." See Morris v. Parker et al., etc., 1 Ashmead 187, cited in Kemp's Estate, supra.

And again;

"The funds derived from the leasehold premises which were occupied by the Accountant are properly applicable to the rent accrued thereon due the landlord as an expense of administration" and, of course, as such, preferred: Rinck's Estate, 49 Montg. 378. Decedent there, as an officer of a corporation and individually, executed a lease for rent of certain premises. He died and the landlord claimed a preference for rent of decedent's dwelling house. The mortgagee entered into possession and collected rents from the mortgaged premises. He gave no notice to the tenants to pay rent to him and therefore the claim of the mortgagee for a preference to recover the rents collected by the executors was disallowed.

The calendar there was that decedent died September 19, 1931. The executor's account was filed November 3, 1932, or a year and two months thereafter. Among the creditors was the Integrity Trust Company, whose claim as a preferred creditor for $1,500, representing unpaid rental of premises 6914 Market Street, Upper Darby, Pa., arose out of a lease bearing date of November 19, 1929. The amount was composed of a balance of $250 for August 1931, that being the month preceding decedent's death, and the entire rent for September 1931 in the sum of $1,250. The landlord claimed a preference. The period covered by the claim was for a balance of rent for August 1931, and for the month of September 1931, and not for any period after that which accrued and became due in the lifetime of decedent. The court there disregarded the contention of the estate, which would limit other rents, not exceeding one year, to mean rents of decedent's dwelling house only. Of course, that is not the question before the court in this matter.

The auditing judge is unable to see any controlling inference to be drawn from those cases. The legal principles in which they were decided did not involve the neat question here. Rather does it seem to the court that Walker's Estate, supra, analyzes the situation under the then existing statutes.

The Orphans' Court of Chester County adopted in its settlement of that case the report of A. P. Reid, Esq., one of the outstanding lawyers of his generation in this State. The question seems to have turned upon whether or not death terminated a lease, citing Oram's Estate, 9 Phila. 358. The learned auditor ruled that a lease, like any other executory contract, survives the death of the contractor, except those which require some special and personal quality or attention from the contractor. See White's Execs. v. Commonwealth, 39 Pa. 167, Quain's Appeal, 22 Pa. 510, and Bland's Admr. v. Umstead, 23 Pa. 316.

The view which Mr. Reid expressed received the confirmation of the Supreme Court as late as Wartanian's Estate, 305 Pa. 333. The question of preference, however, was not raised in Wartanian's Estate because decedent was solvent and there, as in the instant case, his claim, under the lease, was allowed as a general creditor but paid in full.

In Walker's Estate, 6 Pa. C. C. 515, 518, Mr. Reid ruled that: "Our Supreme Court have held leases to be continuing contracts." See Wiley's Appeal, 8 W. & S. 244, Keating v. Condon, 68 Pa. 75, and Coppels' Estate, 4 Phila. 378.

In the last case it is held that the fiduciary must sell the remainder of the lease as an asset of decedent's estate, although the lease contain a covenant not to underlet without the landlord's consent. If he does not sell, or if a sale would not be an advantage to his constituent, the landlord is relegated to his claim for damages for breach of contract, which is not a preferred claim. See 3 Williams on Executors, bottom paging 1750, 1751, 1756, 1757, 1758, and Addison's Law of Contracts, p. 448.

The claim, therefore, of the Girard Estate for that feature of the rent which accrued after the death of decedent is really a claim for damages for breach of the contract, and no preference is given in the acts for damages for breach of contract in the distribution of decedent's estate.

No case in the appellate courts has been brought to the attention of the court as applied to section 13 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §501, nor has the auditing judge been able to find any, nor to find any case in which an appellate court has allowed rent accruing after a decedent's death as part of the rents "not exceeding one year" to which the law gives preference.

Accordingly, the third, seventh, and eighth exceptions of the City of Philadelphia, trustee of Stephen Girard Estate, are dismissed.