## Doster Estate.

Argued January 26, 1943. Before MAXEY, C. J.; DREW, LINN, PATTERSON, PARKER and STEARNE, JJ.

*Robert T. McCracken,* with him *Taylor, Taylor & Riskin* and *George G. Chandler,* for appellant.

*A. Albert Gross,* with him *Calvin F. Smith,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 22, 1943:

The question is: Whether a fiduciary who has complied with the Fiduciaries Act of June 7, 1917, P. L.

447, 20 PS 862, is to be surcharged for distributing assets of the estate, after numerous accountings, where a creditor has given no notice of his contingent claim, but of which the fiduciary had knowledge?

On February 20, 1939, the Comptroller of the Currency assessed the shareholders of the then insolvent The Lehigh Valley National Bank in accordance with their statutory liability. This estate was then, and still is, the owner of 5010 shares of the capital stock of the insolvent bank, which were charged off on the books of the estate as worthless. Decedent, the owner, died July 2, 1919. By his will, the terms of which need not be recited, he appointed executors and trustees, who complied with the terms of the Fiduciaries Act of 1917, supra, as to advertisement. Ultimately, Wadsworth Doster became administrator d. b. n. c. t. a. and trustee of the estate. On December 27, 1938, almost three months prior to the assessment, the administrator filed his third and final account. It revealed a complete distribution of all the assets of the estate, except the valueless stock of the insolvent bank. The record discloses that from September 15, 1924, until December 27, 1938, nine accounts were filed by the executors and administrator and confirmed absolutely, except the last one which, as the court below found, was merely a distribution account, disclosing no remaining assets. We must accept the fact that the administrator knew that there existed the possibility, if not the probability of the imposition of an assessment. But it is also true that no notice was ever given by the voluntary liquidator of the Bank, or by the receiver after insolvency, or by any one on behalf of the Comptroller, that there existed a contingent claim against the estate.

One day prior to the expiration of the period for filing exceptions before final confirmation of the last account of the administrator herein referred to, the Receiver filed his exceptions setting forth the assessment, and sought to surcharge the fiduciary because he had,

with knowledge, but without notice, of the contingent claim, distributed the assets of the estate to himself as testamentary trustee under the will. The court below refused to surcharge, dismissed the exceptions, and confirmed the account absolutely. This appeal followed. We are all of opinion that the court did not err.

Appellant maintains that he gave notice of his claim prior to the absolute confirmation of the present account. He insists that distribution prior to this accounting, and before final confirmation thereof, was at accountant's risk. What the appellant overlooks is that the present account was simply a *distribution account,* revealing the presence of no assets except the valueless stock. *Distribution had been effectively accomplished after the final confirmation of the eight previous accounts.* In considering the question of whether distribution was actually made, the fact that the administrator and the trustee is one and the same individual has no significance: *Samuel Hano Co. v. Hano,* 224 Pa. 212; *Estate of Edwin R. Mack, dec'd.,* 111 Pa. Superior Ct. 20, 24.

The answers to appellant's contentions, in the negative, are found in *Ray's Estate,* 345 Pa. 210. Prior to this decision it may have been *assumed* that in counties having separate Orphans' Courts, any distribution prior to an audit and confirmation of the account was always at the fiduciary's risk as to both diligent and dilatory creditors. In counties having no separate Orphans' Court, the filing and confirmation of an account may have been regarded as a prerequisite to the exemption of the fiduciary from such liability. But in that decision we held, construing Section 49 (b) of the Fiduciaries Act, that distribution by a fiduciary is without personal liability to creditors who have not given notice within the six months period prescribed in the Act. We expressly decided (page 214), that under the Act, such exemption: *"necessarily includes those who file no account as well as those who file accounts that are not audited and confirmed."* Also (page 216), it was held

that while a creditor's failure to present his claim in time relieves the fiduciary of personal liability, it does not exclude such creditor from sharing in any balance subsequently shown for distribution. Thus, in a county which has a separate Orphans' Court, co-executors who had complied with the requirements of the Act as to advertisement, but had received no notice of the excepting creditors' claim within six months, were held to have made distribution to diligent creditors and to distributees, without liability to the exceptant, although their account was not filed and audited for a period of time thereafter.

Had those in charge of the voluntary liquidation of this bank desired to preserve the liability of the estate for a possible assessment, or had the Comptroller visualized the possibility of the bank's ultimate insolvency and the estate's contingent liability therefor, a notice to the fiduciary of the claim would have insured access to all assets then undistributed. *But no notice was ever given until all assets were distributed*; therein is the crux of the entire case. The fact that appellee may have personally known that an assessment was an impending possibility does not alter the situation. Knowledge by a fiduciary of the existence of a contingent claim does not relieve the presumptive creditor of the duty to give notice thereof to the fiduciary under the Fiduciaries Act of 1917. See *Timmins' Estate*, 338 Pa. 475; *Walbridge's Estate*, 314 Pa. 250; *Downing, Exr., v. Felheim et al.*, 309 Pa. 566.

In *Hart v. Burke*, 108 F (2d) 82 the Circuit Court of Appeals for the Third Circuit decided that until an assessment is made, the claim of the receiver of an insolvent national bank is wholly contingent and the Orphans' Court is not required to withhold from distribution sufficient assets to protect the contingent liability for an assessment not then made.

The decree of the court below is affirmed. Costs to be paid by appellant.