Kline Estate.

Argued April 20, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Israel K. Levy,* with him *I. Jerome Stern, John J. K. Caskie,* Assistant City Solicitors, and *Robert McCay Green,* City Solicitor, for appellant.

*John Harper,* for appellees.

OPINION BY MR. JUSTICE LINN, May 10, 1943:

The City of Philadelphia appeals from an order dismissing its petition, filed June 16, 1942, for a review of the adjudication of the account of an executor, confirmed absolutely July 5, 1939.

It appears that in 1934 Mary B. Kline owned real estate in Philadelphia and that on February 12, 1934, Tillie Moscon was injured by falling on the defective sidewalk in front of her property. To recover, she sued the City January 21, 1935, and served her statement May 22, 1936, after which, on June 17, 1936, the City, by scire facias, brought Mary B. Kline in as additional defendant. She appeared by counsel and filed an affidavit of defense. She died April 18, 1938, before the suit was tried, leaving a will probated May 4, 1938. Her death was not suggested of record in the action brought by Tillie Moscon until April 26, 1941, which, the executor states, was the first notice received by him that the City intended to make any claim against his testatrix's estate. When that notice was received the executor's account had been filed, audited, confirmed absolutely and the estate had been distributed.

The grant of letters and the filing of the executor's account had been duly advertised. In the petition for distribution, among the creditors listed was a statement containing the names of the attorneyes "for plaintiffs in case of Moscon v. Philadelphia and Mary B. Kline, additional defendant" with a reference to the court, term, number and nature of the action and amount sued for; the auditing judge referred to the fact in his adjudication.[1]

---

[1] "It appears by the petition for distribution that the decedent was defendant in an action in trespass for damages brought by Mos-

The action was not tried until May 7, 1941, and judgment was not entered against the added defendant until May 28, 1942. When the City came to collect, it found the estate had been distributed several years before pursuant to the adjudication. Not having given written notice to the executor pursuant to section 46(c) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS section 833, and of Rule 2(g) of the court below, the City was confronted by section 49(d) of the Act of June 7, 1917, P. L. 447, 20 PS section 864.[2] The City, in an effort to overcome the effect of its omission to give the required notice of the claim to the executor, filed the petition for review, and, as basis for it, relied on the reference in the petition for distribution to the suit in which Mary B. Kline was the additional defendant. The learned court held[3] that the City was not entitled to actual notice of the audit because it had not given the required notice of its claim to the executor prior to the audit. This conclusion is supported by *Timmins' Estate,* 338 Pa. 475, 13 A. 2d 7, and cases cited at page 478. *Shugars's Estate,* 312 Pa. 472, 167 A. 567, is not in point because that was an action against the administrators, who were served

cin vs. City of Philadelphia and Mary B. Kline, C. P. No. 1, December Term, 1934, No. 6146. Notice of the audit was given to the attorneys representing plaintiffs but no application was made before me for the withholding of any amount to await the outcome of this proceeding."

[2] "No creditor of a decedent who shall neglect or refuse to present his claim at the audit of the account of the executor or administrator, held not less than six months after the grant of letters testamentary or of administration, of which public notice has' been given as provided in section ten of this act, or at an audit held after actual notice to such creditor of the filing of such account, as provided in section forty-six, clause (c) of this act, shall be entitled to receive any share of the assets distributed in pursuance of such audit, whether the estate of the decedent be solvent or insolvent."

[3] The opinion, written by Judge LADNER, is reported in 46 D. & C. 142.

with the statement of claim which of course constituted written notice.

The learned court also held against the City on its second proposition. It appears that an Assistant City Solicitor, at the audit, filed the written appearance of the City Solicitor on behalf of the City and claimed taxes on real estate owned by testatrix for the years 1935 to 1938, inclusive, with interest and penalties. Respondents' answers to the petition for review call attention to the action of the City Solicitor and his failure to present any claim based on the suit brought against the City. The learned court referred to the City Charter Act of June 25, 1919, P. L. 581, Article XIII, section 3(a), 53 PS section 3193, which provided: "The city solicitor shall be the legal adviser and act as attorney and counsel for the city, for all branches of the city government, and for all departments and officers of the city."

The appearance of the City Solicitor at the audit must be given full effect; it is not suggested that the action of his assistant was unauthorized. The petition for distribution, available to the City Solicitor, called attention to the suit against the City even though the death of Mary B. Kline had not yet been suggested. The City's legal representative knew of the appointment of and administration by the executor because he was in court to present a claim against the executor and while the assistant's authority, as between himself and his superior, may have been limited to presenting the claims for taxes, the City Solicitor represented the City for all purposes within the Charter Act. On this subject Judge LADNER'S statement leaves nothing to be added: "The complete record of the Moscon case was certainly in the city solicitor's office, and we know that the city solicitor's office receives the audit lists of our court every month. Surely there must be some rule or routine which imposes on someone in that office a duty to check against the audit lists the names of persons against whom the City

may have pending suits or claims, contingent, absolute, tax or otherwise. If there is, someone obviously neglected his duty. If there is not, then there is neglect in failing to establish so simple a practice. In either case little equity is left to the City's plea."

Decree affirmed; costs to be paid by appellant.