Speare Estate.

Argued January 7, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*J. H. Ward Hinkson,* with him *Richard W. Thorington* and *James B. Lichtenberger,* for appellant.

*Gordon A. Block,* with him *Morris H. Goldman* and *Wolf, Block, Schorr & Solis-Cohen,* for appellees.

OPINION BY MR. JUSTICE LINN, March 20, 1944:

Appellant complains that at the audit of the executors' final account no provision was made for the payment of its claim for rent for the unexpired term of a lease of premises in which testator conducted a department store. The term was fifteen years, beginning May 1, 1936. The rent was $1,500 a month plus taxes and other charges which, the parties agree, increased the monthly rent to about $1,935.27. The testator-lessee died July 15, 1941. His widow, as authorized by his will, continued the business in the demised premises. She and the Girard Trust Company were appointed executors and trustees.

The executors have paid the rent accruing since testator's death.

The account was filed November 2, 1942. At the audit, the appellant presented a claim for the rent in the sum of $193,525.33,[1] for the unexpired term. The liability was admitted by the executors[2] and properly so because there is no doubt that the covenant to pay rent survived: *Wartanian's Estate*, 305 Pa. 333, 335; 157 A. 688; *Fortunato v. Shenango Limestone Co.*, 278 Pa. 499, 501, 123 A. 482; compare *Hunt's Appeals*, 105 Pa. 128, 139.

Appellant and the executors and trustees offered a written stipulation,[3] agreeing to the confirmation of the

---

[1] The second exception to the adjudication shows how the claim was made up: "2. That the learned Auditing Judge erred in failing to find that the claimants are creditors of the said estate for the amounts payable as rental under the said lease for the balance of the term thereof, as follows:

Monthly rent $1,500. January 1, 1943 to May 1, 1951, 100
    months ........................................ $150,000.00
Taxes (based on 1942 tax rates and assessment) $4,567.65
    per annum, 8⅓ years ............................ 38,063.75
Premiums on insurance (based on existing insurance and
    premiums thereon) $655.39 per annum, 8⅓ years .... 5,451.58

    Total ...................................... $193,525.33
the said amount being subject to increase or decrease in taxes, assessments, premiums on insurance and costs of maintenance and repairs, and subject also to payments heretofore or hereafter made by the lessee under the said lease."

This exception was dismissed January 29, 1943.

[2] The lease contained the following provision: "All rights and liabilities herein given to or imposed upon either of the parties hereto shall extend to the Heirs, Executors, Administrators, Successors and Assigns of the parties, and shall include the assignee of the Lessee for the benefit of creditors."

[3] It included these provisions:

"2. That said Executors and Trustees under the Will of Nathan Speare, Deceased, do hereby agree that the Estate of Nathan Speare, Deceased, and said Executors and Trustees are liable for all duties and obligations of the Lessee under said lease, and that the liability

account and the award of the balance for distribution to the trustees ". . . subject to this agreement and the pay-

for the payment and discharge thereof is a proper and admitted claim against the said Estate of Nathan Speare, Deceased, and the Executors and Trustees thereof.

"3. That Girard Trust Company and Reba M. Speare, as Executors of and Trustees under the Will of Nathan Speare, Deceased, shall be and are entitled to all the rights and benefits of the Lessee under the said lease, and shall be bound by and do hereby assume all of the duties and obligations of the Lessee under the said lease, and shall hold the principal of the trust estate awarded to the said Trustees under the said Will subject to the payment and discharge of all liabilities of the Lessee under the said lease during the full term thereof.

"4. That said Trustees under the Will of Nathan Speare, Deceased, shall not make any distribution of income from the trust estate held by them under said Will unless and until they shall first have paid and discharged all liabilities of the Lessee to the Lessor at the time due and payable under the said lease, or shall have reserved funds for the payment thereof.

"5. That said Trustees under the Will of Nathan Speare, Deceased shall not make payment and distribution of any principal of the said trust estate unless and until they shall first have paid and discharged all liabilities of the Lessee under the said lease during the full term thereof, or shall have reserved funds for the payment and discharge thereof, or unless such payment and distribution shall be made pursuant to decree of Court after due hearing and notice thereof to the Lessor of the application to the Court for authority for such payment.

"6. That The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee under the Will of Anthony A. A. Schwartz, Deceased, and Jean A. Schwartz, as Lessor under the said lease, hereby agree that the account filed by the Executors under the Will of Nathan Speare, Deceased herein, may be duly confirmed as stated without objection by the Lessor, and that the balance shown by the said account may be awarded to the said Trustees under the Will of Nathan Speare, Deceased, subject to this agreement and the payment and discharge of all liabilities of the Lessee under the said lease during the full term thereof when and as the same become due and payable as hereinbefore stipulated.

"7. That this agreement and stipulation shall be filed with the Court at the adjudication of the Executors' account filed herein, and shall be subject to the approval of the Auditing Judge, who is hereby requested to include the same as a part of the adjudication of the said Estate."

ment and discharge of all liabilities of the Lessee under the said lease during the full term thereof when and as the same become due and payable. . . ." The learned auditing judge declined to approve the proposed arrangement and ordered distribution to the trustees for administration pursuant to the will. No provision was made for the payment of this claim. The sum of $5,000 was set aside for a period not exceeding 18 months for the liquidation of a claim of Margaret Risley and $50,000 "against any settlement of Federal Estate Tax or Pennsylvania Inheritance Tax that may be subsequently charged. . . ."

If the decree is now affirmed and the property is transferred to the trustees, the executors will be discharged from liability on an obligation created by the testator against which his executors have no defense: Compare *Samuel Hano Co. v. Hano*, 224 Pa. 212, 73 A. 341; *Doster Estate*, 346 Pa. 455, 31 A.2d 142; *Estate of Edwin R. Mack*, 111 Pa. Superior Ct. 20, 169 A. 468. We cannot approve that result.

It is the duty of an executor to collect the assets, pay the debts, account to the court and comply with the final order of distribution. On the other hand, it is the duty of a trustee to receive the trust property and administer it. The claim was presented as the law requires: Section 49 (d) Fiduciaries Act, June 7, 1917, P. L. 447, 20 PS Section 864; *Kline Estate*, 347 Pa. 284, 32 A.2d 211; *Doster Estate*, 346 Pa. 455, 31 A.2d 142; *Walbridge's Estate*, 314 Pa. 250, 171 A. 580; *Fenimore v. Concrete B. & L. Ass'n*, 148 Pa. Superior Ct. 573, 23 A.2d 242. That the amount ultimately due on the contract was not presently determinable is not controlling: compare *Converse's Estate*, 240 Pa. 458, 461, 87 A. 849; *Stumpf's Appeal*, 116 Pa. 33, 8 A. 866; *Huffman v. Huffman*, 311 Pa. 123, 166 A. 570; *Pierce's Estate*, 123 Pa. Superior Ct. 171, 187 A. 58.

The proposed stipulation, in the unusual circumstances shown, had for one of its purposes the transition

of the balance from the widow and Girard Trust Company, as executors, to the widow and Girard Trust Company, as trustees, discharging them as executors and charging them as trustees with the trust property burdened with the conditions specified. The, beneficiaries of the trust are the widow and two minor children. We are not impressed by the reason given by the learned judge for declining to approve the stipulation, but we are not prepared to say that there was manifest abuse of discretion in declining to approve it.

The result of the adjudication is to reject a lawful claim, a result which, we all agree, cannot be supported. The practical question was, What was best for all parties in the circumstances? The nature of the business conducted by the testator, the length of the term, the testator's desire that the business should be continued by his widow, the fact that she and the trust company were executors and would succeed themselves as trustees, were important elements for consideration. The widow was a substantial beneficiary of income under the will. We were informed at the argument that the assets of the estate are sufficient to warrant setting aside, for future accounting by the executors, a sum adequate to assure the performance of testator-lessee's agreement during the unexpired portion of the term, a period now considerably less than when the claim was presented.

Unless, with the approval of the auditing judge, the parties agree to some other arrangement, the court is directed to set aside sufficient assets to discharge the obligation, the same to be retained and invested by the executors (compare *Kohler Estate,* 348 Pa. 55, 57, 33 A.2d 920) the income and so much of the principal as may be necessary, to be used in discharging the lessee's covenant, the executors to account finally when the obligation has been satisfied.

The decree is accordingly reversed and the record remitted for further proceedings consistent with this opinion, costs to be paid out of principal.