## Borden Trust.

Argued December 3, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

*Joseph H. Grubb, Jr.,* with him *Newbourg, Grubb & Junkin,* for appellant.

*Catherine A. Donahue,* Guardian ad litem, in propria persona.

OPINION BY MR. JUSTICE PATTERSON, January 5, 1948:

The Real Estate Trust Company of Philadelphia, trustee, under an *inter vivos* trust created by Edward P. Borden, now deceased, appeals from the decree of the court below sustaining exceptions to its second account and directing a surcharge for the reason that said Trust Company having held settlor's $30,000 demand obliga-

tion at 5 per cent interest secured by collateral of $63,-000, not only negligently surrendered the obligation and released the collateral for $40,000 cash, but also failed to present a claim at the audit of settlor's estate, which was in excess of $300,000, for sufficient funds to secure payment of 5 per cent interest to the respective life tenants and assure $30,000 principal upon the death of the first life tenant.

Edward P. Borden, on April 11, 1908, executed an *inter vivos* deed of trust, wherein he agreed to execute and deliver to The Real Estate Trust Company of Philadelphia, trustee, a written obligation in the sum of $30,000, payable on demand, with interest at the rate of five per cent per annum. The agreement provided: "The interest from the said obligation to be received by Trustee, to wit, the sum of Fifteen hundred Dollars ($1500) per annum, to be paid over to the said Elizabeth M. Borden during her life or so long as she shall remain unmarried. On the Death or remarriage of the said Elizabeth M. Borden the interest so received by Trustee shall be paid in equal shares to the said two grandchildren of First Party during their respective lives. On the death of either of said grandchildren, without lawful issue, the interest aforesaid shall be paid to the survivor during his or her life. On the death of either of said grandchildren, leaving such issue, the interest aforesaid shall be paid to the child or children of the grandchild so dying in equal shares, the child of any deceased child taking the deceased parent's share. On the death of the last surviving of the two said grandchildren, the principal of the Trust shall be distributed to and among their issue by representation."

Paragraph II of the agreement provided: "It shall be the duty of Trustee, or its successors, and it shall have the power, to demand additional or other securities from time to time for properly securing the principal and interest of the obligation to be given as aforesaid, and First Party shall have power to withdraw and substi-

tute securities under this Agreement, provided, however, that only such withdrawals and substitutions shall be made as shall be satisfactory to Trustee or its successors."

Settlor reserved the power, after death of Elizabeth M. Borden, to withdraw all securities by which the $30,000 obligation was secured and substitute $30,000 in cash therefor. In addition to payment of five per cent interest, settlor guaranteed to pay trustee $75 per annum, and in the event of a substituted trustee to pay full charges and commissions "so that the income of Fifteen hundred Dollars ($1500) per annum arising from this Trust shall not be diminished."

Interest was paid regularly to trustee until settlor's death on December 15, 1916, at which time trustee held the demand obligation together with security therefor valued at $63,000. On November 23, 1917, trustee surrendered the obligation and the security therefor to the executor in return for $40,000 cash. Notwithstanding the balances distributed to beneficiaries under settlor's will were $299,396.93 principal, and $56,987.68 income, trustee did not present any claim against settlor's estate or petition to have any funds set aside to secure payment of the interest during the life of Elizabeth M. Borden, or until her remarriage and to assure a principal of $30,000 at the time of her decease or remarriage.

On November 3, 1943, trustee filed its first account. The auditing judge, although concluding that trustee had been supinely negligent in the administration of its fiduciary duties, dismissed exceptions thereto by Elizabeth M. Borden and Catherine A. Donahue, Esq., who had been duly appointed guardian *ad litem* of Edward P. Borden, 3rd, and trustee *ad litem* for unascertained parties in interest for the reasons that: (1) Elizabeth M. Borden was estopped because of delay with knowledge of the facts, and (2) the exceptions of the remaindermen were premature.

Elizabeth M. Borden died July 12, 1946, and on October 2, 1946, trustee filed a second account. Catherine A. Donahue, Esq., again appointed guardian *ad litem* of Edward P. Borden, 3rd, succeeding life tenant, and trustee *ad litem* for unborn or unascertained parties in interest, filed her exceptions to the account. The auditing judge reaffirmed the prior finding of negligent administration and surcharged trustee the difference between $30,000 and $24,151.02, the present value of principal. The court *en banc* properly dismissed trustee's exceptions to the adjudication.

Appellant contends that: (1) settlement of settlor's liability was beneficial to the trust; (2) settlor did not intend to postpone settlement of his estate until termination of the *inter vivos* trust; (3) trustee acted upon advice of counsel; and (4) trustee's actions were prudent under the circumstances.

Respective obligations and rights of settlor, trustee and beneficiaries were clearly defined by the deed of trust. The primary intention was to guarantee to Elizabeth M. Borden an annual income of $1500 for her life or until remarriage, and to trustee an annual compensation of $75. To assure accomplishment of that intention, settlor directed trustee to *continually* maintain a minimum, not a maximum, of $40,000 collateral, and to demand additional security if, in the opinion of trustee, that presently held was insufficient. Settlor further intended that upon the death of Elizabeth M. Borden there should be capital in the amount of $30,000 available to trustee. Settlor bound himself, his heirs, executors and assigns, to complete performance of the deed of trust. Consideration of the entire deed of trust, the relative rights and obligations created and the ages of the respective beneficiaries clearly refutes appellant's contention that settlor could not have intended to postpone final settlement of his own estate.

The auditing judge properly stated that "a heavy duty rested upon the trustee to see that this obligation

was enforced, and that there was insured to the life tenant the income provided by the trust agreement." The obligations which settlor undertook were clear and definite. The liability of his estate for the continued performance thereof was not doubtful. Trustee did not compromise a doubtful right but surrendered a $30,000 written obligation and collateral valued at $63,000 for $40,000 cash. The temporary gain in income from a reinvestment of the $40,000 cannot unequivocally be held to have been beneficial to the trust when compared with the actual loss of security resulting from the transaction. Appellant held a lawful claim against settlor's estate. It was not permitted to act to the possible detriment of the life tenants but was under a duty to secure sufficient assets or security to enable it to carry out the undertakings of settlor as regards the beneficiaries. Acting upon advice of counsel is a factor to be considered in determining good faith, but is not a blanket of immunity in all circumstances. Cf. Restatement, Trusts, Section 201, Comment a.

The findings of fact made by the auditing judge were approved by the court *en banc*. They are binding upon this Court if supported by the evidence. After careful consideration of the record, we conclude that the auditing judge and the court *en banc* did not err in holding that settlor's covenants to continue periodic payments to a time which might extend beyond his lifetime formed the basis for a claim which should have been presented at the audit of his executor's account; that request should have been made at that time to secure performance of the said obligations by having sufficient assets set aside (*Speare Estate,* 349 Pa. 76, 78, 36 A. 2d 489, 491) ; and that presentation of such claim was trustee's duty and neglect so to do constituted neglect of a duty that a person of ordinary prudence would not have omitted.

Decree affirmed. Costs to be paid by appellant.