## Kiernan v. Keeney et al.

*Price & Propper*, for plaintiff.
*Roper & Caldwell*, for defendants.

OLIVER, P. J., December 9, 1947.—This matter is before us on a demurrer to a complaint in ejectment and a rule for a more specific complaint.

Leo B. Kiernan leased premises 600 E. Wyoming Avenue to John Keeney for occupation as a restaurant, taproom and dwelling for a term of five years from December 17, 1943.

On November 4, 1945, John Keeney died and by will left the business, to be operated as a partnership, to Bernard C. Keeney and Bernard Langan, defendants. Two days later Kiernan died and by his will his wife Florence Kiernan, plaintiff, acquired the property.

· Plaintiff brings this action in ejectment claiming forfeiture based upon violations by defendants of express covenants of the lease.

Plaintiff claims that defendants occupy the premises without her consent in violation of clause 2 of the lease which provides: ". . . nor shall the lessee assign this lease nor underlet the premises or any part thereof. Any transfer by process of law shall be deemed an assignment by the lessee . . ."

Plaintiff further claims that on June 16, 1947, and again on June 20, 1947, defendant Bernard C. Keeney denied access to the premises for the purposes of inspection to the duly designated (but unnamed) agent of plaintiff, thus breaching clause 6 of the lease which provides: "The lessor reserves the right at all times to visit and inspect the demised premises personally or by agent . . .".

Clause 9 of the lease provides: "If the lessee shall violate any covenant or condition herein contained . . . then this lease shall absolutely determine at the option of the lessor . . .".

It is true that upon the death of a lessee of an unexpired lease, the leasehold interest survives as an asset of the tenant's estate: Wartanian's Estate, 305 Pa. 333 (1931). The executor has authority to sublet the property despite a provision in a lease against subletting or assignment: Berman's Estate, 58 D. & C. 678 (1947). Should the deceased have the same right of disposition by will? ·

In 32 Am. Jur. 302, §340, the general rule is stated as follows:

"The transfer of a leasehold estate, upon the death of the lessee, to his personal representative is by oper-

ation of law, and is in all cases admitted not to be a breach of a general covenant restricting the assignment of the leasehold estate. Also, according to the generally accepted view, a sale of the leasehold in the course of administration will not constitute a breach of a covenant restricting assignments, unless the covenant by its express terms is to be binding on the personal representatives of the lessee; but where the lease expressly makes the covenant binding on the personal representatives, any transfer by the representative is a violation of the covenant." Citing Francis v. Ferguson, 246 N. Y. 516, 159 N. E. 416, 55 A. L. R. 982. See annotation 55 A. L. R. 984-988.

In Berman's Estate, supra, the Orphans' Court of Delaware County, speaking through van Roden, P. J., in a well-considered opinion, held that, *in the absence of special language to the contrary,* the ordinary covenant in a lease against subletting does not prohibit an assignment by the lessee's executors. In the case before us, however, the lease expressly provides: "Any transfer by process of law shall be deemed an assignment by the lessee". Is that clause such "special language" as to include a transfer by the lessor's will within the restrictive covenant against assignments? Although the rule is well established requiring strict construction against the lessor and such restrictive covenants, the language of the lease before us appears to be binding. It is plain and unambiguous. A devise by will is a "transfer by process of law" and the clear intent of the parties was to prevent such transfers. The contract of the parties should not be altered and defendants' demurrer is therefore overruled.

Defendants also filed a motion for more specific complaint in that plaintiff failed to give the name of her agent or the time of day when he was refused access to the premises for the purpose of inspection. This information is evidentiary in character and defendants are not substantially prejudiced by plaintiff's failure

to include it in the complaint. However, counsel for plaintiff agreed to furnish this information by letter and we assume he will do so. Upon that understanding, we enter the following order.

, And now, December 9, 1947, defendants' preliminary objections are overruled and the rule for a more specific complaint is dismissed. Defendants are directed to file an answer on the merits within 15 days.