**Arney Estate**

*Leslie B. Handler* and *Joseph B. Klein,* for accountants.

*Paul E. Clouser,* for objectors.

SWOPE, P. J., April 2, 1973.—Objections have been filed by George Arney, Robert Arney, Margaret Arney and Lois Rumney to the first and final account, as amended, of Jean Williams, Executrix of the Estate of Ruth Arney, Deceased, who died testate on February 22, 1966, a resident of Dauphin County, Pa. Decedent was survived by her sons, George Arney, Robert Arney and Thomas Arney, and her daughters, Margaret Arney, Jane Kauffman, Lois Rumney, Rachel Wesley and Jean Williams.

Robert Arney has also questioned certain payments of liability insurance for the estate that were made by Mrs. Williams and for which she now seeks reimbursement from the estate. The court is of the opinion that this is a legitimate expense especially in light of the fact that one of the properties held by the estate had a pond where children could be injured.

The estate has also raised an issue which requires our disposition. The estate contends that George Arney and Robert Arney should be surcharged for their failure to place the funds collected by them during their executorships in an income-producing account. The testimony indicated that George Arney and Robert Arney

collected approximately $17,000 due to the estate and placed these funds in the estate's checking account. The estate argues that these two fiduciaries should be sur-- charged at a rate of five percent per annum from 1967 to 1971 on this amount.

Robert Arney and George Arney testified that they were advised by one of the previous attorneys for the estate that the funds should not be invested, and the estate did not refute this testimony. While the court recognizes that reliance upon the advice of counsel is not a complete defense (Borden Trust, 358 Pa. 138), we find that Robert Arney and George Arney did rely in good faith upon the advice from their counsel. Previous attorneys for the estate apparently felt that the estate could be settled rapidly and that it was not necessary to invest these funds. George Arney's and Robert Arney's reliance, in this instance, was not so unwarranted as to compel this court to surcharge them for failing to invest the $17,000 in question.

Ruth Arney at her death also had a small insurance policy with Provident Mutual Insurance Company, the distribution of which has become an issue in this estate. According to the terms of the policy, the eight children of decedent were to share equally in the proceeds of this policy. Pursuant to that clause, Robert Arney, upon receipt of the funds from the Provident Mutual, distributed the proceeds equally among the children. However, according to paragraph K of item II of Ruth Arney's will, the proceeds were to be held by her daughter, Jane Kauffman, for purposes of perpetual care of decedent's grave.

The law clearly states that where the beneficiaries decide to take the benefit under the will, equitable considerations dictate that they are also estopped from asserting claims repugnant to the provisions of the instrument: Vassilakis v. Vassilakis, 371 Pa. 268; Haft-

man Estate, 30 D. & C. 2d 4; Tompkins v. Merriman, 155 Pa. 440. If any of the eight children of Mrs. Arney have refused to return the portion of the insurance benefit transferred to them, the court now directs that an amount equivalent to that distributed to these children be deducted from their share of the residuary and paid to Jane Kauffman, for the purposes of the will.

Finally, the court directs its attention to the issues relating to the fees claimed by the attorneys in this action . . .

The fees claimed by the attorneys for the estate are only slightly higher than the suggested minimum fee as announced by the Dauphin County bar. Further, we note that it has been held that when counsel fees are in accordance with minimum fee schedules they are presumed to be fair and reasonable and the burden of establishing excessiveness rests on the objectants: Walker Trust, 12 Fiduc. Rep. 231, 26 D. & C. 2d 315. In determining the reasonableness of the fees claimed by counsel for the estate, the court, as prescribed by the Supreme Court in LaRocca Estate, 431 Pa. 542, has considered:

"[T]he amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question": Id. at 546.

In light of the substantial problems caused by the disagreement among the executors and the lengthy hearings conducted on the issues presented for our

determination, the court finds that the claim is reasonable. The court is satisfied that counsel has expended considerable time and effort and we will not require affidavits to substantiate their claims.

The other issue concerning counsel fees is the contention by the objectors that one-half of the fees claimed by the attorneys for the objectors should be paid by the estate. The general rule is that each party in an adversary proceeding must bear his or her own costs for attorneys: Smith Trust, 21 Fiduc. Rep. 312, citing Corace v. Balint, 418 Pa. 262 and Shapiro v. Magaziner, 418 Pa. 278. The exception which counsel for the objectors contends is applicable in this case is that counsel has aided all parties by bringing these matters before the court and has also helped to settle previously unresolved issues: Grossman's Estate, 39 D. & C. 553; Pissott Estate, 42 D. & C. 2d 568. However, the court notes that both of the cases cited to support the objectors stated the general rule and then found that the peculiar facts and circumstances of the case placed it within the exception.

While the case at bar certainly has peculiar facts and circumstances, the court does not believe that they merit contribution by the estate to the fees for counsel for the objectors. It was actually Rachel Wesley who first filed for the citation for an inventory and accounting and later filed for the removal of executors and brought this estate to our attention. It was only following their removal as executors that Robert Arney and George Arney became interested in settling the estate and bringing these matters before the court.

The court recognizes that counsel for the objectors has expended considerable efforts in his attempts to settle this estate. We also note that many of the unresolved issues were at least partially the result of the actions by Robert and George Arney while they were

44

still executors. Consequently, while we feel that the fee claimed by the counsel for the objectors is reasonable in all respects, we find that the objectors are themselves entirely liable for the compensation of their counsel.